UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD R. RUSHTON

V. C.A. NO. 06-196ML

CITY OF PROVIDENCE, DEAN ESSERMAN, in his capacity as Chief of the Providence Police Department, and JOHN DOE

**PLAINTIFF RONALD R. RUSHTON'S MOTION TO REMAND TO STATE COURT**

Pursuant to 28 U.S.C. § 1447(c), Plaintiff Ronald R. Rushton ("Rushton") objects to the Petition for Removal from State Court filed by Defendant City of Providence ("the City") and moves to remand the case to the Providence County Superior Court on grounds as follows:

1. On March 31, 2006, Rushton filed a complaint against the City, Defendant Dean Esserman in his capacity as Chief of the Providence Police Department ("Esserman"), and "John Doe" in the Providence County Superior Court.

2. Count I of the complaint alleges a violation of civil rights committed by an unknown officer of the Providence Police Department on December 11, 2004, namely use of unnecessary force during an arrest of Rushton, and seeks relief against this unknown officer pursuant to 42 U.S.C. §§ 1983 and 1988. Rushton fictitiously designated this officer as "John Doe" in the complaint pursuant to R.I. GEN. LAWS § 9-5-20. A copy of the complaint is attached to this motion and is incorporated herein by reference.

3. Count II of the complaint requests the Superior Court to exercise its equitable powers to allow Rushton to conduct discovery of the City and Esserman to learn the identity of the unknown officer who allegedly violated his civil rights. The complaint seeks no other relief

against the City or Esserman, and does not allege that the City or Esserman violated Rushton's civil rights or committed any act in violation of federal or constitutional law, nor does it allege vicarious liability against either the City or Esserman arising out of the incident alleged against "John Doe" in Count I of the complaint.

4. On April 14, 2006, the City and Esserman were served with copies of the summons and complaint filed in this action. "John Doe" has not been identified and thus has not been served.

5. On April 27, 2006, the City filed a petition with this Court seeking to remove this action in its entirety and also filed the state court record with this Court.

6. No basis exists for removal as this Court lacks pendent jurisdiction over the state law proceeding under 28 U.S.C. § 1367(a).

7. The state law proceeding does not constitute a "separate and independent claim or cause of action" from the potential civil rights claim as required under 28 U.S.C. § 1441(c).

8. The state law proceeding raises a novel issue of state law.

9. The state law proceeding entirely predominates over the civil rights claim as the latter is, at this point, a potential claim only.

10. Given the civil rights claim's current status as a potential claim, this Court lacks original jurisdiction over any currently viable claim alleged in the complaint.

WHEREFORE, Plaintiff Ronald R. Rushton asks this Court to grant his motion to remand this matter to the Providence Superior Court, and to award him attorney's fees pursuant to 28 U.S.C. § 1447(c).

Ronald R. Rushton,
by his attorney,

Kelly M. Fracassa #3699
NACCARATO & FRACASSA
P.O. Box 2976
96 Franklin Street
Westerly RI 02891
(401) 596-0321
(401) 348-1090 fax
tnf960@aol.com e-mail

**CERTIFICATION**

I certify that on the 15th day of May, 2006, I transmitted a copy of this motion to Kevin F. McHugh, Senior Assistant City Solicitor, Providence Law Dept., 275 Westminster Street, Suite 200, Providence RI 02903, by regular mail, postage prepaid.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
MAY 24 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

RONALD R. RUSHTON

V.

C.A. NO. 2006-196ML

CITY OF PROVIDENCE, DEAN ESSERMAN, in his capacity as Chief of the Providence Police Department, and JOHN DOE

# PLAINTIFF RONALD R. RUSHTON'S MEMORANDUM OF LAW SUPPORTING MOTION TO REMAND

## INTRODUCTION

May the City of Providence ("the City") remove the complaint filed by Ronald R. Rushton ("Rushton") from the Providence County Superior Court if the City is a party only to a discovery proceeding arising under state law, and the potential federal claim in the complaint will remain unviable until Rushton pursues the discovery proceeding to a conclusion? Rushton contends that it may not, and asks this Court to remand this case to Superior Court.

Several reasons support this contention. First and foremost, no pendent jurisdiction exists under 28 U.S.C.§ 1367(a) as the state discovery proceeding is not so related to the federal claim that they form part of the same case or controversy. Absent pendent jurisdiction, no other statute permits removal of this case, including 28 U.S.C. § 1441(c). In addition, this discovery proceeding raises a novel issue arising under state law and, until its conclusion, will predominate over the federal claim. The federal claim lacks viability until then, meaning that no federal question currently exists.

For these reasons, Rushton asks this Court to remand this case to Superior Court and award attorney's fees pursuant to 28 U.S.C. § 1447(c).

## I. TRAVEL OF THE CASE

On March 31, 2006, Rushton filed a two-count complaint in the Providence County Superior Court arising out of an arrest that occurred on December 11, 2004, in the City of Providence. He named the City as a party, along with Dean Esserman in his capacity as Chief of the Providence Police Department ("Esserman"), and designated an unknown police officer as "John Doe." Count I of the complaint alleges that this unknown officer broke his left hand after this arrest through unnecessary force, violating Rushton's rights under the Fourth and Fourteenth Amendments of the United States Constitution. He will seek remedies against this officer available under 28 U.S.C. §§ 1983 and 1988 once he acquires his name and an address. Count II of the complaint invokes the Superior Court's equitable powers to conduct discovery to uncover this information. Rushton named the City and Esserman as parties only to the discovery proceeding and seeks no other relief against them. If and when Rushton learns the officer's identity, he will amend his complaint to name him, delete his claim for discovery, and drop the City and Esserman as parties.

Rushton served the City and Esserman with process on April 14, 2006. On April 27, 2006, the City petitioned to remove this case to this Court. Rushton moves to remand this case to state court pursuant to 28 U.S.C. § 1447(c).

## II. DISCUSSION

### STANDARD OF REVIEW

A motion to remand due to any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of a notice of removal. 28 U.S.C.A. § 1447(c) (West 2006). The City, as the removing party, bears the burden to show that this action was duly removed. *Adorno Enterprises, Inc. v. Federated Dep't Stores, Inc.*, 629 F. Supp. 1565, 1573

(D.R.I. 1986). Whether jurisdiction exists in this Court "is determined based on the state of the complaint at the time of removal." *Magerer v. John Sexton & Co.*, 912 F.2d 525, 529 (1st Cir. 1990). Removal statutes are strictly construed, " 'and any doubts about the propriety of removal should be resolved against the removal of an action.' " *Cardillo v. Cardillo*, 360 F. Supp. 2d 402, 414 (D.R.I. 2005) (quoting *Brawn v. Coleman*, 167 F. Supp. 2d 145, 148 (D. Mass. 2001)).

**SUMMARY OF ARGUMENT**

Section 1441 of Title 28[1] provides the basis for the City's removal petition, presumably due to the "John Doe" civil rights claim. *See Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 10 (1st Cir. 2004) ("A case may be removed to federal court if it presents a 'claim or right arising under the Constitution, treaties or laws of the United States.' ") (quoting 28 U.S.C. § 1441(b)). However, the City mistakenly presumes that Rushton seeks federal remedies against it,

---

[1] The pertinent portions of this statute provide:

> **(a)** Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> **(b)** Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
>
> **(c)** Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C.A. § 1441(a)-(c) (West 2006).

Esserman, and "John Doe" for the same incident. [*See* Pet'n for Removal from State Ct. ¶ 2 ("Plaintiff's Complaint contains allegations that your petitioner/defendants violated his constitutional rights under the 4th and 14th Amendments in that excessive force was used in the Plaintiff's arrest.")] Rushton only seeks discovery from the City and perhaps Esserman to determine the unknown officer's identity – he does not allege that the City or Esserman violated any of his rights under state or federal law and does not seek to hold either responsible under respondeat superior.

As a result, this case presents the unusual circumstance where a defendant only to a state proceeding seeks removal due to a federal claim against an entirely different party. In addition, this "entirely different party" exists only as "John Doe", rendering the federal claim unviable until Rushton identifies, names, and serves the unknown policeman. This necessarily means that this case must proceed in segments: the discovery matter first, and then the civil rights claim after amendment of the complaint. Neither segment will overlap either in time or subject matter.

Given a state and a potential federal claim in the same complaint and different parties to each claim, the City must invoke this Court's pendent jurisdiction, specifically "pendent party jurisdiction."[2] Section 1367 of Title 28 embodies this concept, granting federal courts supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplement jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C.A. § 1367(a) (West 2006); *see also Rosen v. Chang*, 758 F. Supp. 799, 803-04 (D.R.I. 1991) (noting that § 1367(a) allows pendent

[2] "[P]endent party jurisdiction involves 'jurisdiction over parties not named in any claim that is independently cognizable by the federal court.' " *Perkins v. Halex Co. Div. of Scott Fetzer*, 744 F. Supp. 169, 173 (N.D. Ohio 1990) (quoting *Finley v. United States*, 490 U.S. 545 (1989)).

party jurisdiction over state law claims against different defendants). The exercise of pendent jurisdiction is discretionary, not a matter of right, and " 'district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons . . . .' " *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). Section 1367(c) contains some of these reasons, namely that:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.A. § 1367(c).

Rushton asks this Court to exercise its discretion and remand this matter to Superior Court. First, Count II of his complaint raises a novel issue under state law as it invokes an archaic common law proceeding, the equitable bill of discovery. Second, the bill of discovery completely predominates over the "John Doe" claim as the latter will remain unviable unless and until Rushton identifies the officer who broke his hand – the "John Doe" count is, at this point, a potential claim only. Third, the discovery proceeding does not derive from a common nucleus of operative fact, a necessary requirement for pendent jurisdiction under § 1367(a). Fourth, no independent basis to exercise jurisdiction over the state law claim exists under § 1441 given that pendent jurisdiction is lacking under § 1367(a) and the potential civil rights case is not a "separate and independent" claim from the discovery proceeding. Lastly, the dormant status of the civil rights case means that no viable federal claim currently exists.

Given that the City had no statutory basis to remove this case, Rushton asks this Court to remand it to Superior Court.

**1. The discovery proceeding presents a novel issue of state law**

An equitable bill of discovery is an archaic state proceeding used in aid of an action at law. As this discovery proceeding must necessarily precede any action on the as-yet unviable civil rights claim, Rushton asks this Court to exercise its discretion by remanding this novel proceeding to state court.

Section 9-5-20 of the Rhode Island General Laws[3] authorized Rushton to bring Count I against an unknown person. This statute also mandates "due diligence" from Rushton to identify this unknown person and subject him to the jurisdiction of the court through proper notice and service. *Grossi v. Miriam Hosp.*, 689 A.2d 403, 404 (R.I. 1997). To satisfy his duty of due diligence, Rushton invoked the common law equitable bill of discovery to uncover the officer's identity as the Providence Police Department either could not or would not cooperate with extra-judicial efforts to do so.[4]

The bill of discovery is an archaic and unusual proceeding. The Rules of Civil Procedure in state court largely rendered a complaint for discovery obsolete, but "[t]he Superior Court still retains the power to entertain a complaint for discovery in aid of an action at law where the

---

[3] This statute provides: "Whenever the name of any defendant or respondent is not known to the plaintiff, the summons and other process may issue against him or her by a fictitious name, or by such description as the plaintiff or complainant may select; and if duly served, it shall not be abated for that cause, but may be amended with or without terms as the court may order." R.I. GEN. LAWS § 9-5-20 (1997).

[4] This created a "Catch 22" situation. Rushton could not invoke normal discovery procedures to identify this defendant unless and until he filed an action, which, under normal circumstances, would require him to name and serve an actual defendant. However, he could not file and action or serve an actual defendant, and thus utilize discovery procedures, unless and until he identified the officer.

Superior Court Rules of Civil Procedure do not provide a plain, adequate and complete remedy." *Lutz Eng'g Co., Inc. v. Sterling Eng'g & Constr. Co., Inc.*, 314 A.2d 8, 10 n.4 (R.I. 1974). Such a bill " 'may be maintained, not only in aid of a suit already brought, but to aid the plaintiff in a suit which he intends immediately to bring if the bill discloses a cause of action.' " *Thew Shovel Co. v. McCormick*, 166 A. 354, 355 (R.I. 1933) (quoting 9 R.C.L. at 173). Other courts have held that a party may employ an equitable bill of discovery to learn the identities of adverse parties to anticipated litigation. *See* Annot., *Existence and Nature of Cause of Action for Equitable Bill of Discovery*, 37 A.L.R.5th 645, §§ 2, 14 (1993, updated 2005). The Rhode Island Supreme Court has not specifically permitted a bill of discovery for this purpose, but it would likely do so. *See Thew Shovel Co.*, 166 A. at 355 (where plaintiff used equitable bill of discovery to learn the location of a steam shovel to aid an action for trover and conversion).

Given the current posture of this case, this Court would have to retain jurisdiction until conclusion over a little-used archaic procedure that exists only under state law. No litigation concerning the civil rights action may take place until Rushton amends his complaint and serves the officer, who may at that point seek removal to this Court. Under this circumstance, this Court would act well within its discretion by remanding this case to state court for the discovery proceeding to go forward.

**2. The discovery proceeding substantially predominates over the dormant federal claim**

This Court may decline supplemental jurisdiction if the state claim "substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C.A. § 1367(c)(2). Rushton's claim for a bill of discovery completely predominates at this point, and will continue to predominate until he finally identifies the unknown officer.

This Court may dismiss state claims without prejudice and leave them for resolution to state tribunals " 'if it appears that the state issues substantially predominate, whether in terms of proof, or the scope of the issues raised, or of the comprehensiveness of the remedy sought . . . .' " *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001) (quoting *Gibbs*, 383 U.S. at 726-27). This Court must look to the nature of the claims in the complaint to determine if state law predominates. *Diven v. Amalgamated Transit Union Int'l and Local 689*, 38 F.3d 598, 602 (D.C. Cir. 1994) (quoting *Moore v. DeBiase*, 766 F. Supp. 1311, 1319 (D.N.J. 1991)). Substantial predomination exists " 'where "a state claim constitutes the real body of a case, to which the federal claim is only an appendage" – only where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog.' " *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995)).

Rushton's claim for a bill of discovery predominates at this point as the federal claim will remain a potential claim only until he identifies, names, and serves the unknown officer. Until then, this officer is not a party to this case and no § 1983 case is pending before this Court. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (one becomes a party officially only upon service of a summons or other authority-asserting measure stating time within which party must appear and defend); *see also Ensey v. Culhane*, 727 A.2d 687, 690 (R.I. 1999) (John Doe defendants not parties to action unless named and served); *Pisaturo v. Automobile Mut. Ins. Co. of America*, 229 A.2d 756, 758 (R.I. 1967) (action not "pending" due to lack of service).

If the discovery proceeding reveals the name and address of the officer, Rushton must amend his complaint to make him a party and will drop the City and Esserman from the case.

This means that this case will proceed in two distinct segments with different parties to each segment. As the antecedent discovery segment consists entirely of a matter cognizable only at state law with parties against whom Rushton has leveled no claims "arising under the Constitution, treaties or law of the United States", 28 U.S.C.A. § 1441(b) (West 2006), state law entirely predominates. Rushton asks this Court to remand this case to Superior Court for this reason.

**3. This Court lacks pendent jurisdiction over the discovery proceeding as it does not derive from a common nucleus of fact with the civil rights case**

The segmented nature of this litigation also demonstrates that the discovery proceeding does not form part of the same case as the civil rights action that will commence upon its termination. As a result, this Court has no basis to exercise pendent jurisdiction over a state law claim involving different parties from the currently-dormant civil rights action.

The Supreme Court

> has long adhered to principles of pendent and ancillary jurisdiction by which the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that "derive from a common nucleus of operative fact," such that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' "

*Int'l College of Surgeons*, 522 U.S. at 164-65 (quoting *Gibbs*, 383 U.S. at 725). Congress codified these principles in § 1367, the supplemental jurisdiction statute, "which combines the doctrines of pendent and ancillary jurisdiction under a common heading." *Id.* at 165 (citing 28 U.S.C. § 1367).

The discovery and civil rights segments do not "derive from a common nucleus of operative fact" as would, for example, the civil rights claim alleged in Count I of the complaint and an assault and battery claim against the same officer. In contrast, the discovery proceeding

in Count II cannot overlap with the civil rights claim to any degree. First, each proceeding will occur in separate segments as previously discussed. Second, the discovery proceeding does not depend on any facts comprising Rushton's claim against the unknown officer. Its necessity arises solely from Rushton's lack of knowledge of the officer's name and address, which does not relate to the breaking of Rushton's hand, the circumstances surrounding this incident, or assessment of damages. In this regard, the discovery proceeding will not involve litigation at all as it will not require this or any other court to resolve disputed factual issues.

Given that the discovery proceeding and the civil rights claim do not derive from a common nucleus of operative fact, this Court lacks pendent jurisdiction under § 1367(a) over the antecedent discovery proceeding.

**4. The discovery proceeding is not removable under 28 U.S.C. § 1441 as pendent jurisdiction does not exist under § 1367**

Given the lack of pendent jurisdiction over the discovery proceeding, no other statutory authority sanctions removal under § 1441(a) or (b). In addition, an equitable bill of discovery does not constitute a "separate and independent claim or cause of action" under § 1441(c).

**(a) Lack of pendent jurisdiction precludes resort to §§ 1441(a) or 1441(b)**

Sections 1441(a) or 1441(b) would likely permit removal of Rushton's civil rights claim after he names and serves the unknown officer. Absent diversity, neither statute, in and of itself, permits removal of a case that includes state law claims. Consequently, removal of this case under § 1441(a) or 1441(b) may occur only if pendent jurisdiction exists.[5]

---

[5] *See Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (noting that federal courts may hear state-law claims along with federal claims under § 1441(a) when they are so related that they form part of the same case or controversy) (quoting in part 28 U.S.C. § 1367(a)); *see also Pueblo Int'l, Inc. v. De Cardona*, 725 F.2d 823, 825, 826 (1st Cir. 1984) (state claims may be removed under § 1441(b) along with genuine federal questions as district court has power to hear state claims linked to federal claim by a common nucleus of operative fact)

Pendent jurisdiction does not exist under § 1367 as previously discussed. This leaves the City with a removal petition entirely dependent upon pendent party jurisdiction in its purest form, something the United States Supreme Court frowned upon until Congress enacted § 1367. *See, e.g.*, *Finley v. United States*, 490 U.S. 545 (1989); *Aldinger v. Howard*, 427 U.S.1 (1976). Both *Finley* and *Aldinger* rejected pendent party jurisdiction as not authorized by the statutes at issue in each case. In *Finley*, the Supreme Court noted that the Federal Tort Claims Act "define[d] jurisdiction in a manner that does not reach defendants other than the United States", and further observed that " '[d]ue regard for the rightful independence of state governments ... requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined.' " 490 U.S. at 552-53 (quoting in part *Healy v. Ratta*, 292 U.S. 263, 270 (1934)). *Aldinger* rejected a plaintiff's attempt to join a state law claim against a different party, again based on statutory language:

> Resolution of a claim of pendent-party jurisdiction, therefore, calls for careful attention to the relevant statutory language. As we have indicated, we think a fair reading of the language used in [28 U.S.C.] § 1343, together with the scope of § 1983, requires a holding that the joinder of a municipal corporation, like the county here, for purposes of asserting a state-law claim not within federal diversity jurisdiction, is without the statutory jurisdiction of the district court.

427 U.S. at 17.

Section 1367 of Title 28 superceded *Finley* and *Aldinger* as this statute generally permits pendent party jurisdiction. *See Rosen*, 758 F. Supp. at 803-04. However, § 1367(a) only permits supplemental jurisdiction over "claims that involve the joinder or intervention of additional parties" if these claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

---

(quoting in part *Gibbs*, 383 U.S. at 725); *Charles D. Bonanno Linen Service, Inc. v. McCarthy*, 708 F.2d 1, 8 (1st Cir. 1983) (§ 1441(b) only allows removal of a case that the plaintiff might have brought in federal court directly, and provides no additional basis for jurisdiction).

Constitution." 28 U.S.C.A. § 1367(a). For reasons previously discussed, the discovery proceeding in Count II of Rushton's complaint does not "derive from a common nucleus of operative fact" with the civil rights claim described in Count I. Consequently, no statutory authority exists to assert pendent party jurisdiction over the City or Esserman, and the reasoning set forth in *Finley* and *Aldinger* applies.

Absent pendent jurisdiction under § 1367, the City may not remove this case pursuant to § 1441(a) or § 1441(b).

**(b) The "John Doe" civil rights claim is not a "separate and independent claim or cause of action" from the discovery proceeding**

Removal pursuant to § 1441(c) requires a "separate and independent claim or cause of action within the jurisdiction conferred by section 1331"[6] joined with one or more non-removable claims or causes of action. 28 U.S.C.A. § 1441(c). Rushton's claim for an equitable bill of discovery is an ancillary or auxiliary proceeding to his future claim of a civil rights violation. As a result, the state court proceeding does not constitute a "separate and independent claim or cause of action" from the civil rights claim.

Section 1441(c) may allow for pendent party jurisdiction if the state and federal claims are sufficiently "separate and independent." *See Charles D. Bonanno Linen Service, Inc. v. McCarthy*, 708 F.2d 1, 8-9 (1st Cir. 1983). "Separate" and "independent" as used in § 1441(c) are conjunctive and must be given full significance to fulfill Congress's intent to limit removal. " 'Separate' means distinct, apart from, not united or associated, while 'independent' means self-sustaining, not contingent or conditioned." 32A AM. JUR. 2D *Federal Courts* § 1640 (Updated 2005).

---

[6] Congress enacted this standard in part to limit removal from state courts. *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 9-10 (1951).

Ancillary, incidental, or auxiliary matters do not constitute "separate" and "independent" actions for purposes of § 1441(c).[7] *Greening v. Mutual Life Ins. Co. of N.Y.*, 558 F. Supp. 988, 992 (D. Mont. 1983) ("[A] claim which is merely incidental or collateral to the main action can afford no basis for removal on the theory that it is a separate claim."); *White v. Hughes*, 409 F. Supp. 1005, 1008 (W.D. Tenn. 1975) (same); *Hoagland v. Rost*, 126 F. Supp. 232, 234 (W.D. Mo. 1954) (statutory remedy wholly auxiliary to and dependent on main action that cannot be separately maintained is not "separate" or "independent" to sustain removability under § 1441(c)). A discovery proceeding that precedes the filing of suit constitutes an ancillary or auxiliary proceeding, especially if intended to determine the identities of potential defendants in a subsequent action at law. It likely does not qualify as a "civil action" removable under § 1441. *See Bryan v. America West Airlines*, 405 F. Supp. 2d 218, 221 (E.D.N.Y. 2005) (proceeding under N.Y. C.P.L.R. § 3102(c) for limited purpose for discovery of appropriate parties to contemplated action not subject to removal as it is not a civil action); *Barrows v. American Airlines, Inc.*, 164 F. Supp. 2d 179, 182 (D. Mass. 2001) (pre-suit discovery proceeding not a civil action as it contains no claim) (quoting *Matter of Hinote*, 179 F.R.D. 335, 336 (S.D. Ala. 1998)).

An equitable bill for discovery under Rhode Island common law constitutes such an auxiliary matter as its reason for being depends entirely on a parallel action at law, whether

[7] Auxiliary, incidental and ancillary matters are also not removable under §§ 1441(a) and (b) as they may not constitute "civil actions." "Under the general removal statute at 28 U.S.C. § 1441, 'civil action' has long been interpreted to require a separate suit that is not ancillary, incidental, or auxiliary to a suit in state court." *Ohio v. Doe*, 433 F.3d 502, 506 (6th Cir. 2006); *see Scales v. General Motors Corp. Pension Adm'r*, 275 F. Supp. 2d 871, 875 (E.D. Mich. 2003) (" '[T]he term "civil action" under § 1441 does not embrace proceedings that are merely supplemental, ancillary, or incidental to another action, and such proceedings are not removable to federal court.' ") (quoting *Truong ex rel Truong v. Grand Trunk W. R.R. Co.*, 882 F. Supp. 107 (E.D. Mich. 1995)).

currently or soon to be filed. *See Thew Shovel Co.*, 166 A. at 355 (bill for discovery may be maintained to aid plaintiff in a suit he intends immediately to bring as well as in aid of suit already brought) (quoting 9 R.C.L. at 173); 37 A.L.R.5th 645, § 2 (equity courts created bill for discovery "as an exercise of auxiliary jurisdiction to compel discovery in aid of actions at law."). In fact, a plaintiff must allege sufficient circumstances to enable the court to determine that he has a right of action that discovery would aid. *Tillinghast v. Westcott, Slade & Balcom Co.*, 75 A. 306, 307 (R.I. 1910). As such, the cause of action alleged in Count I of the complaint is not "a separate and independent claim or cause of action" from the equitable bill for discovery sought in Count II and does not qualify for removal under § 1441(c).[8]

**5. Rushton's complaint does not currently present a federal question**

The City predicates its removal petition on the existence of a federal claim in Rushton's complaint. [*See* Pet'n for Removal from State Ct. ¶ 2] For reasons previously discussed, Count I of the complaint constitutes a potential claim only as it names a "John Doe" defendant. Until Rushton identifies this officer and serves him with process, the complaint presents no viable federal question and thus no basis for removal under § 1441.

---

[8] The City may respond that the discovery proceeding cannot simultaneously fail the "separate and independent" requirement under § 1441(c) and be so unrelated to claims in the civil rights action so they do not form part of the same case or controversy per § 1367(a). However, the First Circuit noted in *Charles D. Bonnano Linen Service, Inc.*, cited *supra*, that a middle category exists between these two concepts. *See* 708 F.2d at 9. The discovery proceeding is clearly linked to the civil rights claim, but not though "a common nucleus of operative fact" as discussed previously. Nevertheless, it also constitutes an auxiliary proceeding designed solely to aid the civil rights case. Consequently, lack of pendent jurisdiction over the discovery proceeding per § 1367(a) does not necessarily imbue it with "separate and independent" status for removal under § 1441(c).

## III. CONCLUSION

For the reasons set forth herein, Rushton asks this Court to deny the City's petition for removal and to remand this matter to the Providence County Superior Court.

Ronald R. Rushton,
by his attorney,

Kelly M. Fracassa #3699
NACCARATO & FRACASSA
P.O. Box 2976
96 Franklin Street
Westerly RI 02891
(401) 596-0321
(401) 348-1090 fax
tnf960@aol.com e-mail

**CERTIFICATION**

I certify that on the 15th day of May, 2006, I transmitted a copy of this memorandum of law to Kevin F. McHugh, Senior Assistant City Solicitor, Providence Law Dept., 275 Westminster Street, Suite 200, Providence RI 02903, by regular mail, postage prepaid.