**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RONALD RUSHTON<br><br>V.<br><br>CITY OF PROVIDENCE, DEAN ESSERMAN, IN HIS CAPACITY AS CHIEF OF THE PROVIDENCE POLICE DEPARTMENT, AND JOHN DOE | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 06-196ML |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO REMAND**

Now come the Defendants in the above-captioned matter, City of Providence and Dean Esserman, in his official capacity as Chief of the Providence Police Department, and hereby object to Plaintiff's Motion to Remand to State Court. Defendants rely on the accompanying Memorandum of Law in support of their objection.

DEFENDANTS,

CITY OF PROVIDENCE, et al.,

By their Attorney,

JOSEPH M. FERNANDEZ
CITY SOLICITOR

Kevin F. McHugh (#3927)
Senior Assistant City Solicitor
Providence Law Department
275 Westminster Street, Suite 200
Providence, RI 02903
(401) 421-77040 Ext. 333
(401) 351-7596 (Fax)

**CERTIFICATION**

I hereby certify that on this 26th day of May, 2006, I mailed a true copy of the foregoing Objection by regular mail, postage prepaid, to the following attorney(s) of record:

Kelly M. Fracassa
Naccarato & Fracassa
96 Franklin Street
Westerly, RI 02891

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

RONALD RUSHTON :
:
V. :
: C.A. No. 06-196ML
CITY OF PROVIDENCE, DEAN :
ESSERMAN, IN HIS CAPACITY :
AS CHIEF OF THE PROVIDENCE :
POLICE DEPARTMENT, AND JOHN DOE :

**DEFENDANTS' MEMORANDUM OF LAW IN OBJECTION TO PLAINTIFF'S MOTION TO REMAND**

## I. Introduction

The issue presently before this Court concerns Plaintiff Ronald Rushton's ("Rushton" or "Plaintiff") motion to remand his Complaint to the Providence County Superior Court. Defendants timely removed the case to this Court based on Plaintiff's claims that his rights under the United States Constitution had been violated. Plaintiff seeks to remand his case on the grounds that a federal action does not yet exist because he has not identified his police officer assailant, therefore his state claim for a bill of discovery predominates. On the contrary, Defendants contend that federal jurisdiction exists based on the well pleaded complaint rule. Defendants also request that this Court exercise pendent jurisdiction over the state claim in the interest of judicial economy and fairness to litigants.

## II. Summary of Facts

On March 31st, 2006, Ronald Rushton ("Rushton" or "Plaintiff") filed a Complaint in the Providence County Superior Court against the City of Providence, Dean Esserman, in his capacity as Chief of the Providence Police Department ("Esserman"),

and John Doe relative to his arrest on December 11, 2004. The Complaint alleges that Rushton was lawfully arrested by two officers on that date after being involved in an altercation in the City of Providence. See Complaint at ¶ 5. Rushton claims that after being restrained by two officers, a third officer, Defendant John Doe, struck him with his baton in the back and on his arms and hands, breaking two bones in his left hand. See Complaint at ¶¶ 9-11. John Doe's actions, according to the Plaintiff, were "in violation of [his] right to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution." Complaint at ¶ 15. As such, he seeks monetary damages pursuant to 42 U.S.C. § 1983, plus reasonable attorney's fees pursuant to 42 U.S.C. § 1988. Count II of Rushton's Complaint names the three officers who were present during his December 2004 arrest but asserts that he has no adequate remedy to identify John Doe and seeks an equitable bill of discovery to properly identify and serve him. See Complaint at 25.

In light of Plaintiff's allegations of violations of the Fourth and Fourteenth Amendments to the U.S. Constitution and his request for damages under federal statutes, the Defendants timely petitioned to remove Rushton's case to this Court on April 27, 2006. Plaintiff responded on May 15, 2006 by moving to remand his case to state court.

## III. Standard of Review

Pursuant to 28 U.S.C. § 1441(a), any civil action brought in state court founded on a claim or right arising under the United States Constitution is removable to federal district court. Original jurisdiction exists when a federal question or issue appears on the face of the complaint. See Aroostook Band of Micmacs v. Ryan, 404 F.3d 48, 56 (1st Cir. 2005). Once a civil action has been properly removed, the district court has the

power to hear and determine state law claims in nondiversity cases as long as there is at least one "substantial" federal claim in the lawsuit. Newman v. Burgin, 930 F. 2d 955, 963 (1st Cir. 1991), quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). In determining whether to exercise pendent jurisdiction, a district court may consider factors such as judicial economy, convenience, fairness to litigants and comity. Newman, 930 F. 2d 955 at 963.

## IV. Argument

### A. Count I of the Complaint Presents a Federal Question

In his Complaint, Plaintiff Rushton alleges that John Doe, a Providence police officer, struck him with a baton while he was cooperating with two other officers who had lawfully arrested him. See Complaint at ¶¶ 6, 9, 10. In characterizing John Doe's actions, Rushton contends that, "Doe utilized objectively unnecessary and unreasonable force in making an arrest or in detaining a person under the circumstances, in violation of Rushton's right to be free from unreasonable searches as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution." Complaint at ¶ 15. Rushton further seeks judgment against Defendant John Doe for "monetary damages pursuant to 42 U.S.C. § 1983, plus reasonable attorneys [sic] fees pursuant to 42 U.S.C. § 1988, plus interest and costs of suit." Complaint at ¶ 17.

The statute that governs removable actions, 28 U.S.C. § 1441(a), states as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United Stats for the district and division embracing the place where such action is pending.

Subsection (b) of 28 U.S.C. § 1441 further provides, "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of the parties." The traditional analysis for whether federal question jurisdiction exists is the "well pleaded complaint rule." See Aroostook, 404 F.3d 48 at 56. Under this rule, federal jurisdiction exists if a federal question or issue appears on the face of the complaint. See id. at 56. The well pleaded complaint rule also applies to claims filed in state court and then removed to federal court under 28 U.S.C. § 1441. See id. at 56. "The Supreme Court of the United States has made clear that, in deciding (for removal purposes) whether a case presents a federal 'claim or right,' a court is to ask whether the plaintiff's *claim to relief* rests upon a federal right, and the court is to look only to *plaintiff's complaint* to find the answer." Hernández-Agosto v. Romero-Barceló, 748 F.2d 1, 2 (1st Cir. 1984) (emphasis in original).

In the matter sub judice, several federal issues appear on the face of Plaintiff Rushton's Complaint. While the burden of proving that a federal question has been pled lies with the party seeking removal, it is also well settled that "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). In Rosselló-González v. Calderón-Serra, 398 F.3d 1, 11 (1st Cir. 2005), the complaint alleged violations of due process and equal protection but did not explicitly state whether these constitutional protections were from the federal Constitution or the Commonwealth of Puerto Rico's Constitution. "Read as a whole, we cannot say that this complaint presents a claim under the Federal Constitution," held the court. Id. at 11. "No explicit reference to the United

States Constitution or any other federal law is contained in the complaint; instead, all references are to Puerto Rico state laws, regulations and the Commonwealth Constitution." Id. at 11.

Conversely, in the instant matter the plaintiff specifically alleges that his right "as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution" has been violated. Complaint at ¶ 15. In addition, the plaintiff seeks remedies for the alleged violation pursuant to federal statutes. See Complaint at ¶ 17. As master of his claim, Plaintiff Rushton could have alleged violations of his rights under Rhode Island's state Constitution; however, since he alleges violations of the U.S. Constitution, this action was properly removed to federal court.

In its current state, Plaintiff's Complaint is more complicated than need be, as it alleges federal claims against one City party and state claims related to discovery against a City party and a City agency. Plaintiff claims that he needed to frame the Complaint in this manner to discover and serve the "unknown" policeman before amending the Complaint. See Plaintiff's Mem. at 4. The need for discovery, however, does not warrant remand to state court. On the contrary, Rushton should have filed his federal claim against John Doe, acting in his official capacity, in federal court. The next logical step would have been to serve discovery on the Providence Police Department, by and through the City of Providence, to identify and properly serve John Doe. In essence, Count II of Rushton's Complaint seeking leave to conduct discovery is completely unnecessary and an attempt to keep his case in state court.

Plaintiff Rushton has already identified the three officers who were present during his December 2004 arrest, based on a visit to the Internal Affairs Division during which

he examined photographs of the officers identified in his arrest report. See Complaint at ¶ 22. Yet, Rushton never took any further steps to identify John Doe, and failed to complete and return a complaint form to the Internal Affairs Division. See Affadavit of Detective Mark Cabral, attached hereto as Exhibit 1. Accordingly, Count II of Plaintiff's Complaint is merely an attempt to keep this action in state court, despite clear federal jurisdiction.

B. The Court Should Exercise Pendent Jurisdiction over Rushton's State Claim

Section 1367(a) of Title 28, which addresses supplemental jurisdiction, states, in part:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

In the instant matter, the discovery claim in Count II is intrinsically related to the federal claim presented in Count I, over which this Court has original jurisdiction. Since both the federal and state claims form part of the same case and controversy, this Court should exercise pendent jurisdiction over the discovery claim.

Plaintiff Rushton opposes this Court exercising pendent jurisdiction based on the provisions of § 1367(c), which sets forth the instances in which district courts may decline to exercise supplemental jurisdiction over a claim:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Rushton characterizes an equitable bill of discovery as "an archaic and unusual proceeding," and admits that the Rhode Island Supreme Court has not permitted a bill of discovery for the purpose of identifying adverse parties to anticipated litigation. Plaintiff's Mem. at 6-7. These reasons alone suggest that the better course of identifying John Doe would be through the discovery process in federal court. Nevertheless, just because the Rhode Island Supreme Court has not specifically ruled on the issue does not mean this Court should decline to exercise pendent jurisdiction over it.

1. No Novel or Complex Issues of State Law Exist

In Lutz Eng'g Co., v. Sterling Eng'g & Constr. Co., 112 R.I. 605, 609, 314 A.2d 8, 10 (R.I. 1974), the Rhode Island Supreme Court held that "the Superior Court still retains the power to entertain a complaint for discovery in aid of an action at law where the Superior Court Rules of Civil Procedure [do] not provide a plain, adequate and complete remedy." Such purpose is straightforward and routine and does not present a complex issue of state law. Moreover, both the Superior Court Rules of Civil Procedure and the Federal Rules of Civil Procedure provide Rushton with several adequate remedies for obtaining discovery. Plaintiff has already begun to utilize these remedies by serving Defendants City and Esserman with interrogatories and a request for production of documents on May 22, 2006.

2. The Section 1983 Claim Predominates over the Discovery Claim

According to Rushton, this Court should also decline to exercise pendent jurisdiction because his bill of discovery constitutes the crux of the case, to which his federal claim is ancillary. This argument is without merit. Pendent jurisdiction is

permitted when the entire action before the court comprises one constitutional case and when the federal claim sufficiently confers subject matter jurisdiction on the court. See Rosen v. Chang, 758 F.Supp. 799, 802 (D.R.I. 1991). Rushton states that his bill of discovery predominates at this point because John Doe defendants are not parties to an action unless they are named and served. In support of this proposition, he cites Ensey v. Culhane, 727 A.2d 687, 690 (R.I. 1999); however, Rushton omitted a significant phrase in the court's holding.

The court held, "[U]nless these John Doe defendants are named and served with process *within a reasonable time after their identities become known*, they may not be considered parties to the case" (emphasis added). Id. at 690. Rushton already knows the identities of the three officers who were present during his arrest: Kenneth Vinacco, Michael Gammino and Christopher J. Currier. See Complaint at ¶ 19. Furthermore, Rushton may serve all three officers at the Providence Police Department, obviating the need to obtain their home addresses. Thus, Rushton's discovery proceeding is ancillary to his § 1983 claim against John Doe because he has the ability to sue these officers in their official capacities, conduct discovery and then dismiss two of the officers when he determines which of the three is John Doe.

3. The Discovery Proceeding Derives From the Same Common Nucleus of Facts as the Section 1983 Claim

A district court has the power to exercise supplemental jurisdiction over a state claim when the operative facts underlying the claim are the same as those underlying the federal action. See Rosen v. Chang, 758 F.Supp. 799 at 803. In these instances, the federal and state claims are considered to be part of the same case or controversy. See id. at 803. This Court should exercise jurisdiction over the state claim as it did in Rosen,

because it is part of the same controversy as the federal claim: whether a Providence police officer violated Rushton's civil rights. The operative facts of both claims are also identical, in that they revolve around the officer's identity and his role in the alleged assault.

Lastly, pendent jurisdiction is appropriate in consideration of judicial economy, convenience, fairness to the litigants and comity. See id. at 804; see also, Newman v. Burgin, 930 F. 2d 955, 963 (1st Cir. 1991). Since the discovery claim is essentially a request for information about John Doe, there is no reason to maintain this claim in superior court when John Doe is accused of violating Rushton's federal civil rights. The discovery claim is based, in part, on the allegation that the Providence City Solicitor's office has not complied with Rushton's request for discovery materials. The City Solicitor's office represents Esserman and the Providence Police Department and retains independent counsel to represent Doe; therefore, it is logical that the issue of whether defense counsel has complied with discovery requests be heard by the same court that adjudicates the federal claim.

4. The Discovery Claim Cannot be both Predominant and Ancillary

As discussed *supra*, Defendants maintain that this Court may assert pendent jurisdiction over Rushton's discovery claim under 28 U.S.C. § 1367(a) since it is part of the same case or controversy as his § 1983 claim. Further, the entire case is removable to federal court pursuant to 28 U.S.C. § 1441(a) and (b) due to the federal question presented on the face of the Complaint. Rushton argues that the case is not removable under 28 U.S.C. § 1441(a), (b) or (c). See Plaintiff's Mem. at 10-14. With regard to § 1441(c), Rushton states that his claim for an equitable bill of discovery is ancillary to

his civil rights claim and therefore does not constitute a "separate and independent claim or cause of action." This position completely contradicts his previous assertion that this Court should decline jurisdiction because his discovery claim predominates.

In his Memorandum, the plaintiff cites the following from Greening v. Mutual Life Ins. Co. of N.Y., 558 F.Supp. 988, 992 (D.Mont. 1983): "A claim which is merely incidental or collateral to the main action can afford no basis for removal on the theory that it is a separate claim." Plaintiff's Mem.at 13. Yet, he also argues, "Rushton's claim for a bill of discovery completely predominates at this point, and will continue to predominate until he finally identifies the unknown officer." Plaintiff's Mem. at 7. The words ancillary and dominant are antonyms. No claim could be both ancillary and predominant. Plaintiff's argument is merely another attempt to keep his case in state court despite the existence of federal jurisdiction and the Court's authority to assert pendent jurisdiction.

## V. Conclusion

For the reasons set forth above, the Defendants ask this Court to deny the Plaintiff's petition for removal and exercise pendent jurisdiction over the state claim.

DEFENDANTS,
CITY OF PROVIDENCE, et al.,

By their Attorney,

JOSEPH M. FERNANDEZ
CITY SOLICITOR

Kevin F. McHugh (#3927)
Senior Assistant City Solicitor
Providence Law Department
275 Westminster Street, Suite 200
Providence, RI 02903
(401) 421-77040 Ext. 333
(401) 351-7596 (Fax)

**CERTIFICATION**

I hereby certify that on this 26th day of May, 2006, I mailed a true copy of the foregoing Memorandum, by regular mail, postage prepaid, to the following attorney(s) of record:

Kelly M. Fracassa
Naccarato & Fracassa
96 Franklin Street
Westerly, RI 02891