UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD R. RUSHTON

V. C.A. NO. 2006-196ML

CITY OF PROVIDENCE, DEAN ESSERMAN, in his capacity as Chief of the Providence Police Department, and JOHN DOE

# PLAINTIFF RONALD R. RUSHTON'S REPLY MEMORANDUM OF LAW SUPPORTING MOTION TO REMAND

## INTRODUCTION

The City of Providence and Dean Esserman (collectively "the City") take issue with nearly all claims set forth in Plaintiff Ronald R. Rushton's ("Rushton") memorandum supporting his motion to remand. Rushton wishes to address some of the City's contentions. In essence, he contends that the City "jumped the gun" when removing this case to this Court as the City is only a pendent party to a currently unviable civil rights claim. Although Rushton unquestionably seeks to litigate a federal civil rights case – which may be removed to this Court at the proper time – it currently exists only as a "John Doe" complaint. Federal courts disfavor such proceedings while Rhode Island law sanctions them. As a result, it seems doubtful that Rushton could have originally filed his complaint in this Court in its current form. Other points the City makes lack merit, especially its suggestions as to how Rushton could have framed his complaint to avoid a bill of discovery.

## DISCUSSION

The City contends, first and foremost, that Rushton's complaint clearly states a federal claim under the well-pleaded complaint rule.[1] Defs.' Mem. of Law in Obj. to Pl.'s Mot. to Remand ("Defs.' Mem.") at 5. Rushton would agree but for two related points: the complaint lacks an actual defendant, and federal courts disfavor "John Doe" pleadings. Given that Rushton's John Doe complaint alleges only one cause of action against only one unknown defendant, the precedent bill of discovery becomes a necessity, and the ostensible federal claim lacks viability until completion of the discovery proceeding. Most of Rushton's contentions set forth in his prior memorandum flow from this conclusion.

### 1. Federal courts disfavor "John Doe" pleadings

Rushton may validly file a "John Doe" complaint in the Rhode Island Superior Court. *See* R.I. GEN. LAWS § 9-5-20 (1997). However, no federal statutes or procedural rules sanction the use of fictitious or "John Doe" defendants in federal court. Annot., *Propriety of Use of Fictitious Name of Defendant in Federal District Court*, 139 A.L.R. Fed. 553 (1997, updated 2006). One commentator noted that some federal courts have permitted John Doe pleadings "where the practice was permitted by state law . . . , but it does not appear that this position is prevalent." *Id.* § 2[a] (internal citation omitted).

The legal viability of Rushton's John Doe claim in this Court remains an open question as the First Circuit has not addressed this issue in the instant context. This Court ruled over

[1] Under this rule, " 'whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute[,] ··· must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.' " *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)).

twenty years ago "in a federal diversity action in the District of Rhode Island, John Doe pleadings must be allowed where the requirements of R.I. Gen. Laws § 9-5-20 are met." *Westfall v. Whittaker, Clark & Daniels, Metropolitan Talc Co.*, 571 F. Supp. 304, 312 (D.R.I. 1983). This is not a diversity action, and other courts, including those in this circuit, have taken a dim view of John Doe complaints in matters based on federal question jurisdiction. *See* 139 A.L.R. Fed. 553, § 8[a] (surveying cases based on federal question jurisdiction holding or implying "that the defendants designated by fictitious names were not proper parties and thus, the actions were either dismissed or subject to dismissal.") (citing *Stratton v. City of Boston*, 731 F. Supp. 42 (D. Mass. 1989), and *Boyd v. Ariz. State Bd. of Dental Examiners*, CIV. A. No. 88-1560-MA, 1989 WL 37309 (D. Mass. Apr. 4, 1989)).

Federal courts generally look disfavorably upon John Doe pleadings. *See, e.g.*, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a defendant is not favored."). The Massachusetts federal district court noted:

> [t]he Federal Rules of Procedure make no mention of mechanisms for pleading against unnamed parties through the use of the legal fiction of John Doe or Jane Roe. Of course, this fiction has been allowed in order to proceed against parties who are not known at the time the complaint is filed, but whose identities may be learned through the discovery process.

*Kemper Ins. Cos. v. Federal Express Corp.*, 115 F. Supp. 2d 116, 124-25 (D. Mass. 2000), *aff'd on other grounds*, 252 F.3d 509 (1st Cir.), *cert. denied*, 534 U.S. 1020 (2001). The "John Doe" fiction may be used "until such time as the actual identities can be learned. 'Fictitious parties must eventually be dismissed, if discovery yields no identities.' " *Id.* at 125 (quoting *Scheetz v. Morning Call, Inc.*, 130 F.R.D. 34, 37 (E.D. Pa. 1990)). Courts may also dismiss John Doe parties if it appears that discovery will not yield their identities. *Schiff v. Kennedy*, 691 F.2d 196, 198 (4th Cir. 1982) ("[I]f it does not appear that the true identity of an unnamed party can be

discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice."); *Gillespie*, 629 F.2d at 642 ("[T]he plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.").

If this Court follows the reasoning in *Kemper Ins. Co.*, a "John Doe" claim may survive if circumstances permit a plaintiff to immediately conduct discovery to uncover an unknown defendant's identity. This circumstance often exists when the plaintiff names other actual defendants who could provide the necessary information. However, Rushton raised only one claim against only one unidentified defendant – he cannot file a John Doe complaint, serve no one, and then commence ex-parte discovery of non-parties.

The bill of discovery in Count II of Rushton's complaint is tailor-made for this situation. Nevertheless, the City claims that this count "is completely unnecessary and an attempt to keep his case in state court." Defs.' Mem. at 5. If anything, its suggestions as to how Rushton should have avoided this predicament underscore the inadequacy of any current remedy at law.

The City first states that Rushton "should have filed his federal claim against John Doe, acting in his official capacity, in federal court", and then conduct discovery of the Providence Police Department through the City. Defs.' Mem. at 5. It suggests later in its memorandum that Rushton could sue all three officers named in the police report in their official capacities, conduct discovery, and dismiss two of them once he learns the identity of John Doe. Defs.' Mem. at 8. Both suggestions would immediately subject Rushton's complaint to a Rule 12(b)(6)

motion to dismiss for a common reason.[2] " '[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.' " *Brandon v. Holt*, 469 U.S. 464, 472 n.21 (1985) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978)). To state a § 1983 claim against the City for the actions of one of its officers, Rushton must allege that this officer acted pursuant to the " 'government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy . . . .' " *Wilson v. City of Boston*, 421 F.3d 45, 59 (1st Cir. 2005) (quoting *Monell*, 436 U.S. at 694). Rushton has no basis to make this allegation.

Had Rushton asserted claims against additional actual defendants along with John Doe, the City would have a valid argument concerning lack of necessity of an auxiliary discovery proceeding. His claims alleged in Count I would unquestionably grant this Court jurisdiction had he named an actual defendant. However, neither situation exists, which is also discernable on the face of the complaint. Consequently, Rushton's federal claim only against "John Doe" lacks practical as well as legal viability unless and until the precedent discovery proceeding reveals the officer's identity. That proceeding belongs in state court for reasons discussed in Rushton's prior memorandum. If the officer wishes to remove this case to this Court after the discovery proceeding reveals his identity, he may do so at that time.

**2. The discovery proceeding requires exercise of pendent jurisdiction**

The lack of practical and perhaps legal viability of the John Doe pleading in this Court demonstrates the need for the precedent bill of discovery, requiring this Court to exercise pendent jurisdiction under 28 U.S.C. § 1367 or jurisdiction under § 1441(c) for both claims to

[2] The second suggestion requires Rushton to sue two police officer whom he knows did nothing wrong.

remain in this Court. The City failed to prove proper removal under either statute.

**(a) The discovery proceeding entirely dominates due to the federal claim's current lack of viability**

The foregoing also demonstrates that the precedent discovery claim entirely dominates at this point. The City contends otherwise, basically reiterating its claim that the discovery proceeding is unnecessary through its untenable suggestion that Rushton sue all three officers in their official capacities. It also claims that Rushton omitted a key phrase from *Ensey v. Culhane*, 727 A.2d 687 (R.I. 1999), namely that John Doe defendants do not become parties unless they "are named and served with process within a reasonable time after their identities become known . . . .", Defs.' Mem. at 8 (emphasis in original) (quoting *Ensey*, 727 A.2d at 690). Since Rushton knows the names of the three officers in the police report and one of them is "John Doe", the City contends that their identities are known to him. This reasoning fails, as Rushton's mere suspicion that one of the three officers named in the police report is the culprit does not vitiate his lack of knowledge as to John Doe's actual identity – he does not know which of the three is John Doe, assuming John Doe is actually named in the report. For reasons previously discussed, the City's non-starter suggestion that Rushton sue all three officers now and sort them out later underscores the necessity of a precedent bill of discovery.

However, the City's contention that "Rushton's discovery proceeding is ancillary to his § 1983 claim against John Doe", Defs.' Mem. at 8, has a nugget of truth to it, but not for the reasons it offers. Pre-suit discovery proceedings such as bills of discovery are indeed ancillary to actions at law and may exist in their own right. *See* Annot., *Existence and Nature of Cause of Action for Equitable Bill of Discovery*, 37 A.L.R.5th 645, § 2 (1993, updated 2005) (equity courts created bill for discovery as exercise of auxiliary jurisdiction to compel discovery in aid of action at law); *Thew Shovel Co. v. McCormick*, 166 A. 354, 355 (R.I. 1933) (bill may be

maintained to aid suit plaintiff intends to bring if bill discloses cause of action) (quoting 9 R.C.L. at 173). In this respect, Rushton agrees that the discovery proceeding is ancillary to his currently dormant civil rights claim, albeit not "ancillary" within the meaning of 28 U.S.C. § 1367. However, the City's contention that the discovery proceeding cannot be both predominant and ancillary ("The words ancillary and dominant are antonyms." Defs.' Mem. at 10) neglects the segmented nature of this litigation that Rushton discussed in his prior memorandum – the bill of discovery must precede the civil rights claim, which may only commence after the former successfully concludes. Until that happens, the discovery proceeding entirely dominates, let alone substantially predominates.

The segmented nature of this case also undercuts the City's contention that Rushton brought the discovery proceeding only to keep this case in state court. Once he identifies the unknown officer and amends the complaint, this case may proceed in federal court if the officer opts for removal. Rushton only contends that the City "jumped the gun" for reasons set forth in his prior memorandum – it is a pendent party only to a proceeding that may not even constitute a civil action.

## CONCLUSION

For the reasons set forth herein and in his prior memorandum, Rushton asks this Court to grant his motion to remand.

Ronald R. Rushton,
by his attorney,

Kelly M. Fracassa #3699
NACCARATO & FRACASSA
P.O. Box 2976
96 Franklin Street
Westerly RI 02891
(401) 596-0321
(401) 348-1090 fax
tnf960@aol.com e-mail

**CERTIFICATION**

I certify that on the 5th day of June, 2006, I transmitted a copy of this memorandum to Kevin F. McHugh, Senior Assistant City Solicitor, Providence Law Dept., 275 Westminster Street, Suite 200, Providence RI 02903, by regular mail, postage prepaid, and by facsimile at (401) 351-7596.

Peggy Nelson