UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD R. RUSHTON

V. C.A. NO. 2006-196ML

CITY OF PROVIDENCE, ET AL

# PLAINTIFF'S MOTION TO SHORTEN TIME FOR DEFENDANTS TO SERVE ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to FED. R. CIV. P. 33(b)(3), Plaintiff Ronald R. Rushton ("Rushton") moves the Court for an order shortening the time to ten days for the City of Providence ("the City") and Dean Esserman ("Esserman") to serve answers to Rushton's second set of interrogatories, a proposed copy of which is attached to this motion. The basis of this motion is as follows:

1. Rushton propounded a request for production and interrogatories (eight in number) to the City and Esserman on May 19, 2006, and May 22, 2006, respectively, seeking information necessary to learn the identity of a police officer of the City of Providence who injured Rushton as alleged in the complaint.

2. The City and Esserman produced three color photographs of the officers involved in the incident alleged in the complaint, but did not produce photos "identifiable to each officer" as requested.

3. In addition, the City and Esserman objected to Plaintiff's request to produce "[a]ny documents indicating the height of Patrolmen Michael Gammino, IV, Christopher J. Currier, and Kenneth Vinacco of the Providence Police Department, as named in Providence Police Department Offense Report, Case No. 1-04-158641", contending that this request seeks personnel records protected from disclosure under the Rhode Island Access to Public Records Act, R.I. GEN. LAWS § 38-2-2.

4. Rushton needs to identify the officer who struck him as alleged in the complaint to proceed with this litigation.

5. In lieu of a motion to compel production, the most expeditious means to obtain the information sought is through additional interrogatories. A response time of ten days will not prejudice or unduly burden the City or Esserman as, upon information and belief, the information sought is readily available to them. In addition, a shorter response time will afford Rushton the information he needs to amend his complaint and proceed with the claim set forth in Count I of his complaint.

WHEREFORE, Plaintiff Ronald R. Rushton prays that this Court grant his motion to shorten the time to ten days for the City and Esserman to serve answers to Rushton's second set of interrogatories.

Ronald R. Rushton,
by his attorney,

Kelly M. Fracassa #3699
NACCARATO & FRACASSA
P.O. Box 2976
96 Franklin Street
Westerly RI 02891
(401) 596-0321
(401) 348-1090 fax
tnf960@aol.com e-mail

**CERTIFICATION**

I certify that on the 13th day of July, 2006, I transmitted a copy of this motion to Kevin F. McHugh, Providence Law Department, 275 Westminster Street, Suite 200, Providence RI 02903, by regular mail, postage prepaid.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD R. RUSHTON

V. C.A. NO. 2006-196ML

CITY OF PROVIDENCE, DEAN ESSERMAN, in his capacity as Chief of the Providence Police Department, and JOHN DOE

# PLAINTIFF RONALD R. RUSHTON'S MEMORANDUM OF LAW SUPPORTING MOTION TO SHORTEN TIME TO ANSWER PLAINTIFF'S SECOND SET OF INTERROGATORIES

## I. FACTS AND TRAVEL

On December 11, 2004, an officer of the Providence Police Department broke Plaintiff Ronald R. Rushton's left hand with his baton. The offense report regarding this incident names three officers, Kenneth Vinacco, Michael Gammino, IV, and Christopher J. Currier, but Rushton does not know which of these officers broke his hand. However, Rushton observed that this officer was the shortest of the three who arrived on the scene.

Rushton filed a two-count complaint in the Providence County Superior Court naming the City of Providence ("the City") as a party, along with Dean Esserman in his capacity as Chief of the Providence Police Department ("Esserman"), and designating the unknown police officer as "John Doe." Count I of the complaint alleges that this unknown officer broke his left hand through unnecessary force. Count II of the complaint sought an equitable bill of discovery to uncover this officer's identity. Rushton named the City and Esserman as parties only to the discovery proceeding and seeks no other relief against them. If and when Rushton learns the officer's identity, he must amend his complaint to name him as a party.

The City removed this case to this Court on April 27, 2006. All parties propounded interrogatories and requests for production prior to the pre-trial conference on June 7, 2006. Rushton sought color photographs of the three officers "identifiable to each officer", and documents indicating each officer's height. [Pl.'s Req. for Produc. to Defs. City of Providence and Dean Esserman ¶¶ 1, 2 (May 19, 2006)] The City produced three color photographs, but did not indicate which photograph is of which officer. It also objected to the request for documents indicating the height of each officer, arguing "privileged, personnel records under R.I.G.L. 38-2-2, irrelevant, not reasonably calculated to lead to admissible evidence." [Def. City of Providence and Dean Esserman's Resp. to Pl.'s Req. for Produc. (July 10, 2006)]

Rushton needs this information to properly identify the officer and name him as a party to an amended complaint.

## II. DISCUSSION

Rule 33 of the Federal Rules of Civil Procedure provides in pertinent part that a party served with interrogatories shall serve answers and objections "within 30 days after the service of the interrogatories. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29." FED. R. CIV. P. 33(b)(3).

Rushton asks this Court to direct the City and Esserman to provide answers to his second set of interrogatories within ten days from the date of service. He seeks a shorter time as he must learn the identity of the officer who struck him in order to amend his complaint, serve this officer, and proceed with the substance of this litigation. Although a trial date has not been scheduled, time is of the essence as discovery closes in this matter in three months. Rushton needs to identify the officer to properly focus his discovery on the issues underlying Count I of the complaint instead of simply trying to uncover his identity.

A shorter time will not prejudice or unduly burden the City and Esserman as Rushton only asks them to attach names to the three photographs already produced, and give the height of each officer. Without question, the City and Esserman already know which photograph is "identifiable to each officer", and have unfettered access to records that indicate each officer's height. If anything, ten days affords the City and Esserman more than enough time to produce this information.

## III. CONCLUSION

For the reasons set forth herein, Rushton asks this Court to grant his motion to shorten the time for the City and Esserman to answer his second set of interrogatories to ten days.

Ronald R. Rushton,
by his attorney,

Kelly M. Fracassa #3699
NACCARATO & FRACASSA
P.O. Box 2976
96 Franklin Street
Westerly RI 02891
(401) 596-0321
(401) 348-1090 fax
tnf960@aol.com e-mail

## CERTIFICATION

I certify that on the 13th day of July, 2006, I transmitted a copy of this memorandum of law to Kevin F. McHugh, Providence Law Department, 275 Westminster Street, Suite 200, Providence RI 02903, by regular mail, postage prepaid.

Peggy Nelson