UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD R. RUSHTON

V. C.A. NO. 2006-196ML

CITY OF PROVIDENCE, ET AL

# PLAINTIFF'S SECOND SET OF INTERROGATORIES PROPOUNDED TO DEFENDANTS CITY OF PROVIDENCE AND DEAN ESSERMAN

These interrogatories are propounded pursuant to FED. R. CIV. P. 33 and shall be answered separately and fully in writing under oath within ten (10) days after service.

## I. DEFINITIONS AND INSTRUCTIONS

Whenever used in these interrogatories, unless the context requires otherwise:

1. "Identify" means:

(a) with respect to a person, state his or her full name, all current residence and business addresses, present or last known employer, job title, position or business activity. If the person is or was acting for or on another's behalf, also identify the person or entity for whom the person is or was acting;

(b) with respect to a document, state the type of document, its date, name and address of the author, and its present location or custodian. If any document was but no longer is in your possession, custody or control, state what happened to it; and

(c) with respect to a communication, state the date of the communication, the type of communication (telephone conversation, meeting, correspondence, etc.), the place where the communication occurred and all other persons present at the time of such communication, and the subject matter discussed.

2. "Person" means all individuals and entities, including all natural persons, firms, partnerships, associations, organizations, joint ventures, corporations, municipal corporations, and other entities.

3. The terms "referring" or "relating" to any given subject when used to specify a document, communication, or statement, mean any document, communication, or statement that constitutes, contains, embodies, reflects, identifies, states, deals with, or is in any manner pertinent to that subject.

4. "Document" means any kind of written, printed or graphic matter, however produced or reproduced, or any kind or description, whether sent or received or neither, including originals, copies and drafts of both sides thereof and including but not limited to: catalogs, papers, books, notices, graphs, sketches, accounts, letters, photographs, objects, tangible things, correspondence, telegrams, memoranda, notes, pamphlets, bulletins, drafts of any documents, working papers, marginal notations, work papers, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, statements, contracts, invoices, agreements, ledgers, journals, books or records of account, summaries of accounts, balance sheets, income statements, checks (front and back), check stubs, receipts, desk calendars, rough or scratch pad notes, lists, tabulations, summaries, advertisements, articles in any kind of publication, data processing input and output, microfilms, videotapes, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, however denominated, and other documents or writings of whatever description. It includes documents prepared by parties and non-parties and their respective partners, associates, officers, agents, employees, directors, servants, and any other persons acting on behalf of any of the foregoing.

The term "document" also includes non-identical copies of original documents upon which notations in writing or diagrams have been made that do not appear on the original.

5. "You" and "your" refer to the particular party or parties to whom these interrogatories are propounded, their agents, representatives, and all other persons acting on their behalf.

6. "Communication" means any transfer or exchange, written or oral, between two or more persons of any information in the form of facts, ideas, inquiries, instructions, or otherwise, including but not limited to personal conversations, telephone calls, correspondence, telegrams, cables, faxes, reports, memoranda, notes, and any other understandings between two or more people.

7. "Or" and "and" shall be construed either conjunctively or disjunctively, to make the scope of the interrogatory more inclusive.

8. The singular shall include the plural and vice-versa.

9. All interrogatories should be construed so as not to violate any applicable privilege.

## II. INTERROGATORIES

1. Please state the full name, date of birth, job title, business address, and affiliation with the City of Providence or the Providence Police Department of the person answering these interrogatories.

2. Please identify all persons other than your attorneys who provided information to you or otherwise assisted you when answering these interrogatories.

3. Please give the full name of the officer of the Providence Police Department whose photograph is attached hereto as Exhibit A.

4. Please give the full name of the officer of the Providence Police Department whose photograph is attached hereto as Exhibit B.

5. Please give the full name of the officer of the Providence Police Department whose photograph is attached hereto as Exhibit C.

6. Please give the height in feet and inches of the officer of the Providence Police Department, whose photograph is attached hereto as Exhibit A.

7. Please give the height in feet and inches of the officer of the Providence Police Department, whose photograph is attached hereto as Exhibit B.

8. Please give the height in feet and inches of the officer of the Providence Police Department, whose photograph is attached hereto as Exhibit C.

Ronald R. Rushton,
by his attorney,

______________________________

Kelly M. Fracassa #3699
NACCARATO & FRACASSA
P.O. Box 2976
96 Franklin Street
Westerly RI 02891
(401) 596-0321
(401) 348-1090 fax
tnf960@aol.com e-mail

**CERTIFICATION**

I certify that on the _____ day of July, 2006, I transmitted these interrogatories to Kevin F. McHugh, Senior Assistant City Solicitor, Providence Law Dept., 275 Westminster Street, Suite 200, Providence RI 02903, by regular mail, postage prepaid.

______________________________