UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD R. RUSHTON

V. C.A. NO. 2006-196ML

CITY OF PROVIDENCE, ET AL

**PLAINTIFF'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES FROM DEFENDANTS CITY OF PROVIDENCE AND DEAN ESSERMAN**

Pursuant to FED. R. CIV. P. 37(a)(2)(B) and Local Rule Civ. 37, Plaintiff Ronald R. Rushton moves the Court for an order compelling Defendants City of Providence ("the City") and Dean Esserman ("Esserman") to provide more responsive answers to the interrogatories propounded on or about May 22, 2006, within twenty (20) days or such other time as this Court may order. A copy of Defendants' answers to interrogatories is attached to this motion.

The specific interrogatories to which Plaintiff seeks more responsive answers are as follows:

4. Please identify the officer of the Providence Police Department that placed handcuffs on Plaintiff Ronald R. Rushton subsequent to or during his arrest on December 11, 2004.

**ANSWER:** Unknown.

**REQUESTED INFORMATION:** Plaintiff requests that the City and Esserman provide an answer to this question after making a reasonable effort to find the information responsive thereto. If they cannot after making such an effort, they must say so under oath, and set forth the efforts used to obtain the information.

The basis for this request is that Stephen T. Napolitano ("Napolitano"), City Treasurer, signed the answers to interrogatories on behalf of the City and Esserman. He has no personal

knowledge of the incident alleged in the complaint. He identified no one as providing information to him other than his attorneys when answering Plaintiff's interrogatories, and only referred to an arrest report and detention authorization form. [*See* Def. City of Providence and Dean Esserman's answers to Pl.'s interrogs. 2 and 3]

Defendants must furnish such information as is available to them or from sources under their control. This includes the officers named in the police report – they would be the most obvious sources of the information requested, but they were not consulted. As Napolitano lacks the personal knowledge to answer this and other interrogatories, he must make a reasonable effort to find this information. His answers to interrogatories 2 and 3 demonstrate that he did not. Consequently, Rushton asks this Court to order Defendants to make a reasonable effort to find the information responsive to this interrogatory and provide a full, complete answer thereto.

7. If any officer of the Providence Police Department struck, touched, or otherwise contacted the body or person of Plaintiff Ronald R. Rushton with an object other than his hand at any time on December 11, 2004, please identify this officer.

**ANSWER:** None.

**REQUESTED INFORMATION:** Plaintiff requests that the City and Esserman provide an answer to this question after making a reasonable effort to find the information responsive thereto. If they cannot after making such an effort, they must say so under oath, and set forth the efforts used to obtain the information.

Given that Napolitano has no personal knowledge of the facts underlying this case and did not consult with the officers named in the police report, he cannot properly give an affirmative answer to this question.

8. Please identify all persons, including but not limited to officers of the Providence Police Department, who you believe saw an officer of the Providence Police Department strike,

touch, or otherwise contact the body or person of Plaintiff Ronald R. Rushton with an object other than his hand at any time on December 11, 2004.

**ANSWER:** None.

**REQUESTED INFORMATION:** Plaintiff requests that the City and Esserman provide an answer to this question after making a reasonable effort to find the information responsive thereto. If they cannot after making such an effort, they must say so under oath, and set forth the efforts used to obtain the information.

Given that Napolitano has no personal knowledge of the facts underlying this case and did not consult with the officers named in the police report, he cannot properly give an affirmative answer to this question.

Ronald R. Rushton,
by his attorney,

Kelly M. Fracassa #3699
NACCARATO & FRACASSA
P.O. Box 2976
96 Franklin Street
Westerly RI 02891
(401) 596-0321
(401) 348-1090 fax
tnf960@aol.com e-mail

**RULE 37 CERTIFICATE**

I, Kelly M. Fracassa #3699, certify that pursuant to FED. R. CIV. P. 37(A)(2)(B), I in good faith conferred or attempted to confer with opposing counsel to secure the information or material requested in this motion without court action.

Kelly M. Fracassa #3699

**CERTIFICATION**

I certify that on the 19th day of July, 2006, I transmitted a copy of this motion to compel more responsive answers to interrogatories to Kevin F. McHugh, Senior Assistant City Solicitor, Providence Law Dept., 275 Westminster Street, Suite 200, Providence RI 02903, by regular mail, postage prepaid.

Wendy M. Ravanelle

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD R. RUSHTON

V. C.A. NO. 2006-196ML

CITY OF PROVIDENCE, ET AL

# PLAINTIFF'S MEMORANDUM OF LAW SUPPORTING MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES FROM DEFENDANTS CITY OF PROVIDENCE AND DEAN ESSERMAN

## INTRODUCTION

Pursuant to FED. R. CIV. P. 37(a)(2)(B) and Local Rule Civ. 37, Plaintiff Ronald R. Rushton moved to compel Defendants City of Providence ("the City") and Dean Esserman ("Esserman") to provide more responsive answers to several interrogatories propounded on May 22, 2006. Stephen T. Napolitano ("Napolitano"), the City's treasurer, signed these answers on behalf of the City and Esserman. The interrogatories to which Rushton seeks more responsive answers and the answers attested to by Napolitano are as follows:

4. Please identify the officer of the Providence Police Department that placed handcuffs on Plaintiff Ronald R. Rushton subsequent to or during his arrest on December 11, 2004.

**Answer:** Unknown.

7. If any officer of the Providence Police Department struck, touched, or otherwise contacted the body or person of Plaintiff Ronald R. Rushton with an object other than his hand at any time on December 11, 2004, please identify this officer.

**Answer:** None.

8. Please identify all persons, including but not limited to officers of the Providence Police Department, who you believe saw an officer of the Providence Police Department strike, touch, or otherwise contact the body or person of Plaintiff Ronald R. Rushton with an object other than his hand at any time on December 11, 2004.

**Answer:** None.

Napolitano stated that no one assisted him or provided information to him when answering these interrogatories other than counsel, and only referred to an offense report and a detention authorization form, neither of which contains the information sought.

As the person signing on behalf of a governmental entity, Napolitano must make a reasonable effort to gather the information sought from sources within the City's control, including but not limited to the police officers who responded to the scene of the incident precipitating this action. His answers show that he did not. Consequently, Rushton asks this Court to order the City and Esserman to respond to Rushton's interrogatories 4, 7, and 8 after making a reasonable effort to find the information sought. If the City and Esserman cannot do so after making a reasonable effort, they must state the efforts made and the reasons why they cannot produce this information.

## Discussion

The spirit of the Rules of Civil Procedure requires a party to be responsive, complete, and forthcoming in its answers to interrogatories. *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 14 (1st Cir. 2004). Rule 33 of the Federal Rules of Civil Procedure provides in pertinent part that "any party may serve upon any other party written interrogatories, . . . to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party." FED. R. CIV. P. 33(a) (emphasis added). This rule requires a government officer answering interrogatories to "furnish such information as is available to the government." As with a private corporation, the government cannot avoid answering an interrogatory by an allegation of ignorance if it can obtain the information from sources under its control. *United States v. 58.16 Acres of Land, more or less in Clinton County, Ill.*, 66 F.R.D. 570, 572 (E.D. Ill.

1975). This responsibility is not limited to the representative's personal knowledge of the situation. *See Taylor v. Home Ins. Co.*, 646 F. Supp. 923, 929 (W.D.N.C. 1986). Instead, "there is a duty to discover all information available to a corporation, through its officer, employees and others." *Bollard v. Volkswagen of America, Inc.*, 56 F.R.D. 569, 582 (W.D. Mo. 1971).

Napolitano replied "[u]nknown" when asked who placed handcuffs on Rushton during or after his arrest. Nevertheless, his prior answers to interrogatories make clear that he did not consult with those most likely to know the answer to this question, namely the police officers named in Offense Report No. 1-04-158641, which recounts the circumstances surrounding Rushton's arrest and identifies three officers who arrived on the scene and made the arrests noted therein. Even if these officers could not recall this information, Defendants "should say so under oath, say why and set forth the efforts [] used to obtain the information." *Milner v. National Sch. of Health Technology*, 73 F.R.D. 628, 632 (E.D. Pa. 1977). "Unknown" does not satisfy this responsibility even if Napolitano made a reasonable effort to obtain the information sought.

Similarly, Napolitano cannot give affirmative responses concerning matters that would be within the personal knowledge of the three officers involved in this matter and not within the documents he reviewed. As the City's representative, Napolitano must have a basis for signing the responses and for stating on behalf of Defendants that the responses are accurate, *Shepherd v. American Broadcasting Cos.*, 62 F.3d 1469, 1482 (D.C. Cir. 1995) (in context of corporation), and cannot properly answer these interrogatories if he did not consult with those with personal knowledge of the situation, *see General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1210-11 (8th Cir. 1973) (corporate agent duty bound to secure information within personal knowledge of former corporate employees employed when action commenced and information possessed by corporate counsel). Regardless, he answered "none" to interrogatories seeking the identity of

any officer who struck Rushton on December 11, 2004, and all persons, including police officers, who may have seen an officer strike Rushton. These answers amount to affirmative denials that the incident alleged in the complaint even occurred. While Defendants are well within their rights to assert this denial, they may do so only if someone with personal knowledge can attest to the underlying facts. Napolitano cannot properly attest to these facts as he lacks personal knowledge and did not consult with anyone who has such knowledge.

## CONCLUSION

For these reasons, Rushton asks this Court to order the City and Esserman to answer interrogatories 4, 7, and 8 after making a reasonable effort to obtain this information from sources under their control, including but not limited to the three officers named in Offense Report No. 1-04-158641.

Ronald R. Rushton,
by his attorney,

Kelly M. Fracassa #3699
NACCARATO & FRACASSA
P.O. Box 2976
96 Franklin Street
Westerly RI 02891
(401) 596-0321
(401) 348-1090 fax
tnf960@aol.com e-mail

## CERTIFICATION

I certify that on the 19th day of July, 2006, I transmitted a copy of this memorandum of law to Kevin F. McHugh, Senior Assistant City Solicitor, Providence Law Dept., 275 Westminster Street, Suite 200, Providence RI 02903, by regular mail, postage prepaid.