UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD R. RUSHTON

V. C.A. NO. 2006-196ML

CITY OF PROVIDENCE, ET AL

# PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES

Pursuant to FED. R. CIV. P. 37(a)(2)(B), Plaintiff Ronald R. Rushton moves the Court for an order compelling Defendants City of Providence and Dean Esserman to provide answers to interrogatories 3 through 5 of Plaintiff's Second Set of Interrogatories propounded on or about July 19, 2006, and overruling said defendants' objections thereto. A copy of Defendants City of Providence's and Dean Esserman's answers to Plaintiff's second set of interrogatories is attached hereto and made a part hereof by reference.

The basis for this motion is set forth in the accompanying memorandum of law.

/s/ Kelly M. Fracassa
Kelly M. Fracassa #3699
NACCARATO & FRACASSA
P.O. Box 2976
96 Franklin Street
Westerly RI 02891
(401) 596-0321
(401) 348-1090 fax
tnf960@aol.com e-mail

## RULE 37 CERTIFICATE

I, Kelly M. Fracassa #3699, certify that pursuant to FED. R. CIV. P. 37(a)(2)(B), I in good faith conferred or attempted to confer with opposing counsel to secure the information or material requested in this motion without court action.

/s/ Kelly M. Fracassa
Kelly M. Fracassa #3699

**CERTIFICATE OF SERVICE**

I certify that on the 22d day of August, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon Kevin F. McHugh at kmchugh@providenceri.com.

/s/ Kelly M. Fracassa

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD R. RUSHTON

V. C.A. NO. 2006-196ML

CITY OF PROVIDENCE, DEAN ESSERMAN, in his capacity as Chief of the Providence Police Department, and JOHN DOE

# PLAINTIFF RONALD R. RUSHTON'S MEMORANDUM OF LAW SUPPORTING MOTION TO COMPEL ANSWERS TO INTERROGATORIES

## INTRODUCTION

Plaintiff Ronald R. Rushton ("Rushton") moves to compel Defendants City of Providence and Dean Esserman to answer interrogatories 3 through 5 of his second set of interrogatories, each of which ask for the height of three Providence police officers. The City objected to these interrogatories, claiming privilege under the Rhode Island Access to Public Records Act, R.I. GEN. LAWS §§ 38-2-1 through -15 ("APRA"), and also on relevance grounds. These objections lack merit. First, exemptions to public disclosure in the APRA do not constitute discovery or evidentiary privileges. Second, Rushton's interrogatories do not seek documents, only unprivileged information. Third, the height of each officer named in the offense report is relevant as it will help identify the officer that broke Rushton's hand.

Absent viable objections, the City and Esserman have no basis to withhold the information Rushton seeks. He asks this Court to grant his motion.

## I. FACTS AND TRAVEL

On December 11, 2004, an officer of the Providence Police Department broke Rushton's left hand with his baton. The offense report regarding this incident names three officers,

Kenneth Vinacco, Michael Gammino, IV, and Christopher J. Currier, but Rushton does not know which of these officers struck him. However, Rushton and another individual observed that this officer was the shortest of the three who arrived on the scene.

Rushton filed a two-count complaint in the Providence County Superior Court. Count I alleges that this unknown officer broke Rushton's hand through unnecessary force. Count II sought an equitable bill of discovery to uncover this officer's identity. Rushton named the City and Esserman only to the discovery proceeding and seeks no other relief against them.

The City[1] removed this case to this Court on April 27, 2006. All parties propounded interrogatories and requests for production. Rushton sought, among other things, documents indicating each officer's height. [Pl.'s Req. for Produc. to Defs. City of Providence and Dean Esserman ¶ 2 (May 19, 2006)] The City claimed that these records are "privileged, personnel records under R.I.G.L. 38-2-2, irrelevant, not reasonably calculated to lead to admissible evidence." [Def. City of Providence and Dean Esserman's Resp. to Pl.'s Req. for Produc. (July 10, 2006)]

Rushton propounded additional interrogatories on July 20, 2006, seeking the height of each officer identified in the offense report. The City objected to each interrogatory, stating "[t]he answer to this interrogatory is privileged and part of personnel records under R.I.G.L. § 38-2-2. This interrogatory is also irrelevant and not reasonably calculated to lead to admissible evidence." [Def. City of Providence and Dean Esserman's Answers to Pl.'s 2d Set of Interrogs. (sworn Aug. 4, 2006)]

Rushton moves to compel the City to answer interrogatories 3 through 5 in his second set of interrogatories.

---

[1] Hereinafter, "the City" shall refer collectively to the City of Providence and Esserman.

## II. DISCUSSION

### STANDARD OF REVIEW

Rule 37 of the Rules of Civil Procedure provides in part that "the discovering party may move for an order compelling an answer" if a party fails to answer an interrogatory propounded under Rule 33. FED. R. CIV. P. 37(a)(2)(B). The rules relating to discovery are construed liberally in favor of discovery. *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001) (quoting *Hickman v. Taylor*, 329 U.S. 495 (1947)). Regulation of discovery "is very much the district court's province", *United States v. Sayer*, 450 F.3d 82, 89-90 (1st Cir. 2006), and this court exercises broad discretion in discovery matters, *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003).

#### 1. The APRA does not create evidentiary or discovery privileges

The City bases its claim of privilege on an exemption from public disclosure found in § 38-2-2 of the Rhode Island General Laws.[2] However, APRA exemptions do not constitute

---

[2] The exemption the City refers to concerns:

> [a]ll records which are identifiable to an individual applicant for benefits, client, patient, student, or employee, including, but not limited to, personnel, medical treatment, welfare, employment security, pupil records, all records relating to a client/attorney relationship and to a doctor/patient relationship, and all personal or medical information relating to an individual in any files, including information relating to medical or psychological facts, personal finances, welfare, employment security, student performance, or information in personnel files maintained to hire, evaluate, promote, or discipline any employee of a public body; provided, however, with respect to employees, the name, gross salary, salary range, total cost of paid fringe benefits, gross amount received in overtime, and other remuneration in addition to salary, job title, job description, dates of employment and positions held with the state or municipality, work location, business telephone number, the city or town of residence, and date of termination shall be public.

R.I. GEN. LAWS § 38-2-2(4)(i)(A)(I) (Supp. 2005).

discovery or evidentiary privileges – they prevent disclosure of certain documents to the public, but do not apply to discovery between litigants.

Because the APRA mirrors the federal Freedom of Information Act ("FOIA"), Rhode Island courts to look to federal case law interpreting the FOIA when interpreting the APRA. *Providence Journal Co. v. Convention Ctr. Auth.*, 774 A.2d 40, 46 (R.I. 2001). "[T]he exceptions to disclosure in the FOIA do 'not create independently any evidentiary privilege; the effect of such exclusion, rather is only to permit the withholding of these categories of information from the public generally.' " *Melendez-Colon v. United States*, 56 F. Supp. 2d 142, 145 (D.P.R. 1999) (quoting *Denny v. Carey*, 78 F.R.D. 370, 373 (E.D. Pa. 1978)). Put another way, "[s]tatutes insulating information from publication are aimed at the broadcasting of sensitive information to the general populace; the statutes are not intended to enjoin the limited kind of disclosure encountered in judicial proceedings." *Friedman v. Bach Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1344 (D.C. Cir. 1984). For this reason, FOIA exemptions "offer refuge from publication but not from court-supervised discovery." *Id.*

State statutes analogous to the APRA do not give rise to discovery or evidentiary privileges for much the same reason: they concern disclosure to the public generally, not disclosure to a specific litigant in response to discovery. *See Maclay v. Jones*, 542 S.E.2d 83, 87-88 (W.Va. 2000) (quoting *Henneman v. City of Toledo*, 520 N.E.2d 207, 210-11 (Ohio 1988), and *Doe v. Hudgins*, 175 F.R.D. 511, 514 (N.D. Ill. 1997)); *Douglas v. Superior Ct.*, 597 A.2d 774, 776 n.2 (Vt. 1991) (exception to public disclosure in Vermont Access to Public Records Act "deals with disclosure to the public generally, not disclosure in response to discovery in litigation."); *People ex rel. Birkett v. City of Chicago*, 705 N.E.2d 48, 51 (Ill. 1998). This especially holds true if the state legislature "did not 'explicitly create an evidentiary privilege.' "

*Martin v. Lamb*, 122 F.R.D. 143, 146 (W.D.N.Y. 1988) (quoting *ACLU of Miss., Inc. v. Finch*, 638 F.2d 1336, 1342 (5th Cir. 1981)).

Nothing within the APRA suggests that the Rhode Island legislature intended to create evidentiary or discovery privileges when exempting certain documents from public disclosure. " '[T]he exemptions listed in the APRA are to be construed narrowly, "so as to further the legislative purpose of facilitating public access to governmental records." ' " *In re New England Gas Co.*, 842 A.2d 545, 555 (R.I. 2004) (quoting *Providence Journal Co. v. Sundlun*, 616 A.2d 1131, 1136 (R.I. 1992)). The APRA provides neither a right to prevent the release of private information, nor a remedy to compel nondisclosure. *Id.* at 551. It simply states regarding exemptions that "[f]or purposes of this chapter, the following records shall not be deemed public." R.I. GEN. LAWS § 38-2-2(4)(i) (Supp. 2005).

Clearly, the APRA does not afford an evidentiary or discovery privilege, rendering baseless the City's contrary claim. Rushton asks this Court to overrule this objection.

**2. Rushton's interrogatories do not implicate the APRA**

A simpler reason exists to overrule the City's objection based on the APRA – Rushon's interrogatories do not seek documents, only an item that could be obtained from personnel files or other sources.[3] The City cannot reasonably assert that this item in and of itself constitutes confidential information. Indeed, it has previously argued that Rushton may ask each officer how tall he is at a deposition.[4] [*See* Doc. 15, Def. City of Providence and Dean Esserman's

[3] The City could easily obtain the height of each officer from their driver's licenses.

[4] The City may contend for this reason that Rushton does not need interrogatories to uncover this information. However, it may not dictate what discovery procedures Rushton must employ. Interrogatories to the officers' employer are preferable for a number of reasons. First, one or more officers might not recall his exact height or may give an estimate or a range. Second, one

Mem. of Law in Supp. of Its Obj. to Pl.'s Mot. to Shorten Time for Defs.' to Serve Answers to Pl.'s 2d Set of Interrogs. at 1-2]

Given that Rushton's interrogatories do not even implicate the APRA, the City's claim of privilege has no legal basis.

**3. The height of each officer is relevant to the claims in this action**

Current litigation largely concerns Rushton's equitable bill of discovery to uncover the identity of the officer who broke his hand. Deposition testimony indicates that this officer's height distinguishes him from the others who arrived on the scene. Nevertheless, the City claims that Rushton's second set of interrogatories are "irrelevant and not reasonably calculated to lead to admissible evidence." This objection patently lacks merit.

Rule 26 provides in part that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). This phrase "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

This broad construction of relevancy easily encompasses the information sought in Rushton's second set of interrogatories. Count II of his complaint seeks to uncover the identity of the unknown officer. Deposition testimony of Rushton and Michael Clark, a witness to the incident, revealed that this officer was the shortest of the three who arrived on the scene immediately before Rushton's arrest. Knowing the height of each officer named in the offense report will probably help identify "John Doe." Conversely, identification will likely become an issue for this officer when Rushton proceeds on the civil rights claim.

---

or more of the officers may testify mistakenly. Third, witnesses occasionally lie. An independent source of information avoids these potential problems.

The City's relevance objection lacks validity, and Rushton asks that it be overruled.

## III. CONCLUSION

For the reasons set forth herein, Rushton asks this Court to grant his motion to compel answers to interrogatories 3 through 5 of his second set of interrogatories.

/s/ Kelly M. Fracassa

Kelly M. Fracassa #3699
NACCARATO & FRACASSA
P.O. Box 2976
96 Franklin Street
Westerly RI 02891
(401) 596-0321
(401) 348-1090 fax
tnf960@aol.com e-mail

## CERTIFICATE OF SERVICE

I certify that on the 22d day of August, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon Kevin F. McHugh at kmchugh@providenceri.com.

/s/ Kelly M. Fracassa