**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RONALD RUSHTON | : | |
| | : | |
| VS. | : | |
| | : | C.A. No. 06-196ML |
| CITY OF PROVIDENCE, DEAN | : | |
| ESSERMAN, IN HIS CAPACITY | : | |
| AS CHIEF OF THE PROVIDENCE | : | |
| POLICE DEPARTMENT, AND JOHN DOE | : | |

**DEFENDANT CITY OF PROVIDENCE AND DEAN ESSERMAN'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

Now come the Defendants, City of Providence and Dean Esserman, in his capacity as chief of the Providence Police Department, in the above-entitled matter and hereby object to the Plaintiff's Motion to Compel Answers to Interrogatories. Defendants rely on the accompanying Memorandum in support thereof.

DEFENDANTS
DEAN ESSERMAN AND
CITY OF PROVIDENCE

By their Attorney,

JOSEPH M. FERNANDEZ
CITY SOLICITOR

/s/ Kevin F. McHugh_____________
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor
City of Providence
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903
(401) 421-7740, Ext. 333
(401) 351-7596 (Fax)
kevin_mchugh@hotmail.com

Certificate of Service

I hereby certify that on this 31st day of August, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Kelly M. Fracassa, Esq.
Naccarato & Fracassa
96 Franklin Street
Westerly, RI 02891
tnf960@aol.com

/s/ Kevin F. McHugh
Kevin F. McHugh

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RONALD RUSHTON | : | |
| | : | |
| VS. | : | |
| | : | C.A. No. 06-196ML |
| CITY OF PROVIDENCE, DEAN | : | |
| ESSERMAN, IN HIS CAPACITY | : | |
| AS CHIEF OF THE PROVIDENCE | : | |
| POLICE DEPARTMENT, AND JOHN DOE | : | |

**DEFENDANT CITY OF PROVIDENCE AND DEAN ESSERMAN'S MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

In the matter *sub judice*, the Plaintiff has alleged that a Providence police officer unlawfully struck him while he was being lawfully arrested on December 11, 2004. Three officers took part in arresting the Plaintiff, and Plaintiff served interrogatories upon Defendants to discern, *inter alia*, which of the three officers allegedly injured him. Although he intends to depose all three police officers, Plaintiff has sought information about their height through both a request for production of documents and a second set of interrogatories. In response, Defendants have objected to providing the officers' heights under Rhode Island Gen. Laws § 38-2-2, the Access to Public Records Act ("APRA"). Plaintiff then filed the instant motion to compel Defendants to answer numbers 3 through 5 of his second set of interrogatories, which seek the height of each police officer.

Defendants contend that the height of each police officer is part of his personnel record, which is confidential under § 38-2-2 of the APRA. The APRA states that unless otherwise provided in § 38-2-2, the following records are not public:

> All records which are identifiable to an individual applicant for benefits, client, patient, student, or employee, including, but not limited to, personnel, medical treatment, welfare, employment security, pupil records, all

> records relating to a client/attorney relationship and to a doctor/patient relationship, and all personal or medical information relating to an individual in any files, including information relating to medical or psychological facts, personal finances, welfare, employment security, student performance, or information in personnel files maintained to hire, evaluate, promote or discipline any employee of a public body; provided, however, with respect to employees, the name, gross salary, salary range, total cost of paid fringe benefits, gross amount received in overtime, and other remuneration in addition to salary, job title, job description, dates of employment and positions held with the state or municipality, work location, business telephone number, the city or town of residence, and date of termination shall be public.

Since height is personal information, this information is confidential under the APRA. The Rhode Island Supreme Court has held that in instances in which nonpublic information is sought, names and other identifying information should be redacted. See Direct Action for Rights and Equality v. Gannon, 713 A.2d 218, 224 (R.I. 1998). However, Plaintiff Rushton seeks personal information related to specific officers in the instant matter, thus redaction would be futile.

Courts in other jurisdictions have also recognized a privacy right when a plaintiff seeks discovery of personnel records. In Burke v. New York City Police Dep't, 115 F.R.D. 220, 226 (S.D.N.Y. 1987), the court examined a New York statute providing that police personnel records should not be disclosed. The court recognized that "the appropriateness of production necessarily turns upon a weighing of the competing concerns of relevance and need on the one hand, and considerations of privacy, on the other." Id. An examination of the competing concerns at stake in the instant matter reveals that the police officer's privacy considerations are significant. Assuming, *arguendo*, that the Providence Police Department maintains copies of officers' drivers' licenses in their personnel files, the reason for doing so is to maintain proof that the officers are licensed to drive police cruisers. Officers do not provide the Department

with copies of their drivers' licenses so that their personal information, including height and weight, may be disseminated for litigation or other purposes. Accordingly, releasing personal information about the physical characteristics of a police officer might set a precedent in this area, forcing defense counsel to release other confidential information contained in officers' personnel records.

Plaintiff argues that interrogatories are the preferable means for discovering the height of each officer because the officers might not recall their exact height during a deposition, or they might provide a range or potentially lie. See Plaintiff's Mem. at 7-8, n.4. Defendants do not seek to dictate which discovery measures Plaintiff employs in this case; however, this matter might be best resolved if Plaintiff subpoenas the police officers to bring their drivers licenses to their depositions, thereby avoiding the issue of defense counsel having to release information protected by the APRA.

DEFENDANTS
DEAN ESSERMAN AND
CITY OF PROVIDENCE

By their Attorney,

JOSEPH M. FERNANDEZ
CITY SOLICITOR

/s/ Kevin F. McHugh ____________
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor
City of Providence
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903
(401) 421-7740, Ext. 333
(401) 351-7596 (Fax)
kevin_mc1950@hotmail.com

Certificate of Service

I hereby certify that on this 31st day of August, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Kelly M. Fracassa, Esq.
Naccarato & Fracassa
96 Franklin Street
Westerly, RI 02891
tnf960@aol.com

/s/ Kevin F. McHugh
Kevin F. McHugh