UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD R. RUSHTON

V. C.A. NO. 2006-196ML

CITY OF PROVIDENCE, ET AL

# MOTION TO FILE AMENDED COMPLAINT

Pursuant to FED. R. CIV. P. 15(a), Plaintiff Ronald R. Rushton moves the Court for an order permitting him to file an amended complaint, a proposed copy of which is attached hereto and made a part hereof. The basis for this motion is set forth in the accompanying memorandum of law.

Ronald R. Rushton,
by his attorney,

/s/ Kelly M. Fracassa
Kelly M. Fracassa #3699
NACCARATO & FRACASSA
P.O. Box 2976
96 Franklin Street
Westerly RI 02891
(401) 596-0321
(401) 348-1090 fax
tnf960@aol.com e-mail

## CERTIFICATE OF SERVICE

I certify that on the 5th day of October, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon Kevin F. McHugh at kmchugh@providenceri.com.

/s/ Kelly M. Fracassa

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD R. RUSHTON

V. C.A. NO. 2006-196ML

CITY OF PROVIDENCE, ET AL

# PLAINTIFF'S MEMORANDUM OF LAW SUPPORTING MOTION TO FILE AMENDED COMPLAINT

## I. TRAVEL OF THE CASE

On December 11, 2004, an officer of the Providence Police Department broke Plaintiff Ronald R. Rushton's ("Rushton") left hand with his baton. The offense report regarding this incident named three officers, Kenneth Vinacco ("Vinacco"), Michael Gammino, IV ("Gammino"), and Christopher J. Currier ("Currier"), as involved in the matter, but Rushton did not know which of these officers struck him.

Rushton filed a two-count complaint in the Providence County Superior Court. Count I alleged that this unknown officer broke Rushton's hand through unnecessary force and identified him only as "John Doe." Count II sought an equitable bill of discovery to uncover this officer's identity. Rushton named the City and Esserman only to the discovery proceeding.

The City and Esserman removed this case to this Court on April 27, 2006. This Court held a pretrial conference on June 7, 2006, and ordered discovery closed by October 16, 2006. [*See* Doc. 10, Pretrial Order entered June 9, 2006] All parties propounded interrogatories and requests for production before and after the pretrial conference.[1] In addition, the City and Esserman deposed Rushton and Michael Clark, a witness to the incident. Rushton deposed

[1] The City conducted discovery of the underlying issue as if representing the unknown officer, even though Rushton sought no relief against the City other than the bill of discovery. The parties agreed that this would be expedient.

Currier and Gammino on September 21st and 22nd of 2006, respectively, and Vinacco on October 3d. These depositions revealed Vinacco as the officer who struck Rushton. Rushton now seeks to amend his complaint to name Vinacco as the defendant to the civil rights claim and drop the City and Esserman as parties.

## II. DISCUSSION

Rule 15(a) of the Rules of Civil Procedure allows Rushton to amend his pleadings by leave of court or with consent of the adverse party, "and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Leave to amend lies within this Court's discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). When deciding whether to permit amendment, this Court must account for resulting prejudice the opposing party. *Id.* at 330-31; *see Eastern Food Services, Inc. v. Pontifical Catholic Univ. Services Ass'n, Inc.*, 375 F.3d 1, 8 (1st Cir. 2004) ("Once the adversary has answered, amendment is no longer allowed as of right, Fed. R. Civ. P. 15(a), but in general permission is liberally granted where there is no prejudice."). Consent to amendment should be freely given "unless the amendment would be futile or reward undue delay . . . ." *Adorno v. Crowley Towing and Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006) (citations omitted).

No prejudice, futility, or undue delay exists to deny amendment. First, Vinacco cannot claim prejudice as he is not an opposing party at this stage to either this case or this motion. The City and Esserman cannot suffer prejudice as the proposed amendment drops them from the case. Second, futility should play no role in this motion as the proposed amended complaint states a claim against Vinacco for violation of Rushton's civil rights. *See Adorno*, 443 F.3d at 126 (Court applies the same standard when assessing futility that applies to motions to dismiss under Rule 12(b)(6)). The City and Esserman likely lack standing to protest defects, if any, in the proposed amended complaint as they are not named as parties thereto. Third, no undue delay

exists as the parties completed discovery ahead of the deadline imposed by this Court. Rushton's discovery uncovered "John Doe's" identity and also explored the facts relative to the civil rights claim. In addition, the statute of limitations does not expire on this case until December 11, 2007.

## III. CONCLUSION

For the reasons stated herein, Rushton asks this Court to grant his motion to file an amended complaint.

Ronald R. Rushton,
by his attorney,

/s/ Kelly M. Fracassa
Kelly M. Fracassa #3699
NACCARATO & FRACASSA
P.O. Box 2976
96 Franklin Street
Westerly RI 02891
(401) 596-0321
(401) 348-1090 fax
tnf960@aol.com e-mail

## CERTIFICATE OF SERVICE

I certify that on the 5th day of October, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon Kevin F. McHugh at kmchugh@providenceri.com.

/s/ Kelly M. Fracassa