**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RONALD RUSHTON | : | |
| | : | |
| VS. | : | |
| | : | C.A. No. 06-196ML |
| CITY OF PROVIDENCE, DEAN | : | |
| ESSERMAN, IN HIS CAPACITY | : | |
| AS CHIEF OF THE PROVIDENCE | : | |
| POLICE DEPARTMENT, AND JOHN DOE | : | |

**DEFENDANTS CITY OF PROVIDENCE AND DEAN ESSERMAN'S OBJECTION TO PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT**

Now come the Defendants, City of Providence and Dean Esserman, in his capacity as chief of the Providence Police Department, in the above-entitled matter and hereby object to the Plaintiff's Motion to File Amended Complaint. Defendants rely on the accompanying Memorandum in support thereof.

DEFENDANTS
DEAN ESSERMAN AND
CITY OF PROVIDENCE

By their Attorney,

JOSEPH M. FERNANDEZ
CITY SOLICITOR

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor
City of Providence
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903
(401) 421-7740, Ext. 333
(401) 351-7596 (Fax)
Kevin_mc1950@hotmail.com

# CERTIFICATION

I hereby certify that on this 30th day of October, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Kelly M. Fracassa, Esq.
Naccarato & Fracassa
96 Franklin Street
Westerly, RI 02891
tnf960@aol.com

/s/ Kevin F. McHugh__________

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RONALD RUSHTON | : | |
| | : | |
| VS. | : | |
| | : | C.A. No. 06-196ML |
| CITY OF PROVIDENCE, DEAN | : | |
| ESSERMAN, IN HIS CAPACITY | : | |
| AS CHIEF OF THE PROVIDENCE | : | |
| POLICE DEPARTMENT, AND JOHN DOE | : | |

**DEFENDANTS CITY OF PROVIDENCE AND DEAN ESSERMAN'S MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT**

Plaintiff Rushton has moved this court to file an amended complaint that would dismiss Defendants City of Providence and Dean Esserman, in his capacity as chief of the Providence Police Department, and add Sgt. Kenneth Vinacco as a defendant. Defendants object on the ground that Plaintiff has had multiple opportunities to pursue legal action against Sgt. Vinacco, and permitting him to do so at this juncture would reward his delay.

On March 31st, 2006, Plaintiff Rushton filed a Complaint in Providence County Superior Court against the City, Dean Esserman and John Doe relative to his arrest on December 11, 2004. He alleges that while being lawfully arrested by two officers on that date, Defendant John Doe, struck him with his baton in the back and on his arms and hands, breaking two bones in his left hand. See Complaint at ¶¶ 6, 9-11. Almost one year later, on October 19, 2005, Plaintiff visited the Providence Police Department's Internal Affairs Division and examined photographs of the officers identified in his arrest report. See id. at ¶¶ 21, 22. Yet, Rushton never took any further steps to identify John Doe and failed to complete and return a complaint form to the Internal Affairs Division.

See Deposition at p. 75-76, attached hereto as Exhibit 2. Had Plaintiff submitted the complaint form to Internal Affairs, a full investigation into the alleged incident would have taken place, pursuant to a federal consent judgment. See Consent Judgment, attached hereto as Exhibit 1. In addition, during the discovery process in this case, Plaintiff was shown color photographs of every Providence police officer who was on duty the night of December 11, 2004. Nevertheless, he failed to identify with certainty the offending officer at that juncture either. See Exhibit 2 at p. 82.

The First Circuit has held that leave to amend should be freely granted unless the amendment would be "futile, or reward *inter alia*, undue or intended delay." Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (2004), quoting Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994). Further, "particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" Id., quoting Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52-53 (1st Cir. 1998).

Considering that Sgt. Vinacco was named in Plaintiff's arrest report and that Plaintiff viewed Vinacco's photograph at Internal Affairs in October of 2005, Defendants contend that allowing Plaintiff to amend his complaint almost two years after the date that he was allegedly struck would reward his undue delay. The City would need to hire private counsel to represent Sgt. Vinacco, which would undoubtedly entail a reopening of discovery, additional costs related to discovery and attorney's fees, a significant postponement of trial, and a major alteration in trial tactics and strategy. Accordingly, Defendants request that this Court deny Plaintiff's Motion to File Amended Complaint.

DEFENDANTS
DEAN ESSERMAN AND
CITY OF PROVIDENCE

By their Attorney,

JOSEPH M. FERNANDEZ
CITY SOLICITOR

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor
City of Providence
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903
(401) 421-7740, Ext. 333
(401) 351-7596 (Fax)
Kevin_mc1950@hotmail.com

## CERTIFICATION

I hereby certify that on this 30th day of October, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Kelly M. Fracassa, Esq.
Naccarato & Fracassa
96 Franklin Street
Westerly, RI 02891
tnf960@aol.com

/s/ Kevin F. McHugh