IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

THE COALITION OF BLACK LEADERSHIP, an Unincorporated Association, by its President, Michael Van Leesten, CURTIS MORRIS: JOSEPH L. COSTA: RICHARD METTS: RONALD GRAY: ALICE PENNINGTON: and BARBARA ARAUJO, on behalf of them - selves and those similarly situated,

Mar 26, 1977

Plaintiffs

vs.

SDF (2)
9CE (1)

JOSEPH A. DOORLEY, JR., Mayor of the City of Providence; HARRY GOLDSTEIN, Commissioner of Public Safety of the City of Providence; WALTER A. MC QUEENEY, Chief of Police of the City of Providence, CAPT. STEPHEN M. MARONEY, JR., Director of Personnel and Community Relations of the Police Department of the City of Providence, ANTHONY CALICHIA, a police officer of the City of Providence and PROVIDENCE LODGE #3, FRATERNAL ORDER OF POLICE,

Defendants.

Consent JUDGEMENT

This is an action brought by the Plaintiffs against the named Defendants under the provisions of the United States Code, namely 42 U.S.C. Sections 1981, 1983, 1985, 1986 & 1988. Jurisdiction in this United States Federal District Court is by virtue of the Federal Statutes concerned and is conceded by the parties. The case came on for trial and was heard by the Court, Chief Judge Raymond J. Pettine sitting without a jury. Testimony and evidence was taken and after arguments of counsel, the trial was concluded. Thereafter, the case was held for the submission of post-trial legal memorandum by counsel and for decision of the Court.

(2)

By agreement of all parties, counsel have submitted to the Court, for entry, this Consent Judgement. Same is approved for entry by the Court, pursuant to Rule 23 (e) of the ~~(e) of tje~~ Fed. Rules of Civil Procedure.

1. The Providence Police Department shall adopt for use a uniform civilian complaint form to be available for use by any civilian wishing to lodge a complaint against any member of the Providence Police Department. The complaint form shall include space for the following information: the name, address and telephone number of the complainant and, witnesses to the alleged incident giving rise to the complaing; the nature, time and place of the alleged incident; the name, number, rank and detail of the officer or officers believed to be involved. Complaint forms shall be available to any citizen, or their representative, at the office of the Personnel Bureau; the front entrance desk at the Providence Police Station and at the offices of the Human Relations Commission. Complaints may be filed in person by any citizen, or may be completed and mailed, to the Bureau of Personnel.

Upon receipt of a complaint the Bureau of Personnel shall note thereon the date and time of receipt and shall notify the person designated therein as the complainant or his repre - sentative, whose name appears thereon, at the address given, by certified mail of the receipt of the complaint and the name of the officer assigned to investigate same. The complaint shall then be assigned by the Bureau of Personnel to an investigating officer from the Bureau. The investigating officer shall investigate the complaint, and shall interview all persons named in said complaint either as parties or witnesses and any other persons having information concerning the subject matter of the [illegible]

The investigation shall be completed within thirty (30) days and a written report, including all statements, documents examined and other evidence taken shall be filed with the Director of the Personnel Bureau. For cause shown, an investigating officer may request an additional thirty (30) days within which to complete his investigation. If granted, the complainant shall be notified of this fact by the investigating officer.

The Director of Personnel, upon the filing of the complaint investigation, shall thereupon select ..ficer above the rank of sergeant as the hearing officer on the complaint. A hearing on the complaint shall be mandatory and notice of the time, date, and place of hearing shall be given to all parties and their representatives at least ten (10) days prior to the hearing date. Notice shall be by certified mail.

The hearing held by the hearing officer will be informal. The investigating officer and any officers complained against shall attend. All parties may be represented by counsel or other authorized representative and shall have the right to present evidence and examine witnesses. A stenographic record shall be kept and shall be available, at cost, to any party to the proceedings requesting same.

The hearing officer, after hearing, shall make written findings of fact and based thereon shall find the police officer or officers complained against either " guilty " or " not guilty ". (If a complainant fails to appear at the hearing, the hearing officer shall make a notation thereof on the complaint and enter a " not guilty " finding. A complainant failing to appear on a complaint upon which a " not guilty " finding was made may for good cause shown, request the Director of the Personnel Bureau to reschedule a new hearing, at any time within one (1) year from the date of receipt of the complaint, and the Director

may in his discretion, grant much request and reschedule a hearing on the original complaint.

Copies of the hearing officer's findings shall be transmitted to all parties and to the Chief of Police. The Chief of Police may approve or reject the decision made within (30) thirty days thereof. If rejected, the Chief of Police may in his discretion, submit charges against the officer or officers in accordance with existing Department Disciplinary Procedures and, . copy of the Chief's action on the decision shall be noted in the personnel file of the officer involved. The action of the Chief of Police on the hearing decision shall be noted thereon, and he shall notify all parties of his decision by certified mail.

Records of hearings held shall be kept on file in the Bureau of Personnel for a period of two ( 2) years from the date of original hearing thereon. Same shall be available for inspection by any of the parties to the complaint, or their representatives.

2. All uniformed members of the PROVIDENCE POLICE DEPARTMENT shall be assigned a number which will be similar in size and design to that type presently used and worn by the Rhode Island State Police and all uniformed members of the Providence Police Department shall wear and display said number sewn onto the left chest portion of his uniform. A roster of the names and photographs of all uniformed policemen and the number assigned to said policemen shall be maintained by the Bureau of Personnel and will be available to any civilian claiming to have a complaint against any member of the Providence Police Department for purposes of identifying the officer, except under cover officers whose pictures may be excluded.

3. The Providence Police Department shall take all necessary action to implement the terms of this Consent Judgement within thirty ( 30 ) days from the entry hereof, with the exception of paragraph two ( 2) which shall be complied with within sixty ( 60 ) days. Copies of the complaint form and of all new regulations and general orders issued to implement the terms of this Consent Judgement shall be filed with the court within ten ( 10 ) days after issuance or adoption.

4. This being a Consent Judgement, the Court makes no findings of fact on the evidence introduced at the trial and makes no findings of fact on the issues raised in the litigation.

Done in open court this 27th. day of March, 1973

Raymond J. Pettine
Chief Judge
United States District Court
District of Rhode Island

Assented to as to form and substance:

FOR THE PLAINTIFFS

Alton W. Wiley
220 South Main Street
Providence, Rhode Island

Drew S. Days, III
10 Columbus Circle
New York, New York

John M. Roney
56 Pine Street
Providence, Rhode Island

FOR THE DEFENDANTS

City of Providence, by its
Deputy City Solicitor,

Ronald H. Glantz

John P. Bourcier
One Thousand Smith Street
Providence, Rhode Island

Harry Goldstein
934 Industrial Bank Building