UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD R. RUSHTON

V. C.A. NO. 2006-196ML

CITY OF PROVIDENCE, ET AL

# PLAINTIFF RONALD R. RUSHTON'S RESPONSE MEMORANDUM OF LAW SUPPORTING MOTION TO FILE AMENDED COMPLAINT

The City of Providence's and Dean Esserman's (collectively "the City") objection to Plaintiff Ronald R. Rushton's ("Rushton") motion to amend his complaint lacks merit for several reasons. First, the City lacks standing to raise claims of delay and prejudice on behalf of a non-party. Second, the City's claim of delay provides no basis to deny a motion to amend, especially when the statute of limitations has yet to expire. Third, denial of a motion to amend will not stop legal proceedings against Sgt. Kenneth Vinacco as Rushton could easily file an independent action against him anytime before December 11, 2007.

**1. City lacks standing to object to the instant motion**

Whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution thereof raises the question of standing. *Sierra Club v. Morton*, 405 U.S. 727, 731-32 (1972). The City lacks any stake in Rushton's cause of action against Vinacco personally, especially when pursuing this cause of action entails the City's dismissal as a party. The City also has no business raising defenses on Vinacco's behalf. In this regard, "a litigant 'has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others.' " *Laird v. Tatum*, 408 U.S. 1, 14 n.4 (1972) (quoting *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166 (1972)). Vinacco may raise whatever defenses he sees fit when answering the amended complaint.

**2. The City fails to allege "delay" that would deny a motion to amend**

Regardless of the foregoing, the City's description of Rushton's purported delay does not give rise to a valid objection to the instant motion. "Delay" that usually provides grounds to deny a motion to amend constitutes the time between the filing of original and amended pleadings that prejudices the opposing party.[1] It does not constitute the time between accrual of a cause of action and commencement of suit. The statute of limitations addresses that issue in actions for damages, and the pertinent statute does not expire until December of 2007. *See Cholopy v. City of Providence*, 228 F.R.D. 412, 415 (D.R.I. 2005) (Rhode Island's three-year statute applicable to personal injury suits applies in § 1983 actions). Nevertheless, the City for all practical purposes asks this Court to bar Rushton from bringing suit against a party before the statute of limitations expires. It presents no legal or factual basis for this extraordinary request.

**3. Rushton could bring an independent action against Vinacco at any time before the statute of limitations expires**

Given that denial of the instant motion would not adjudicate the merits of Rushton's cause of action against Vinacco and the statute of limitations has yet to expire, Rushton could file an independent action against him tomorrow in either this Court or the Rhode Island Superior Court. Denial of his motion to amend under this circumstance would do nothing to forestall the purported prejudice mentioned in the City's objection.

[1] The City's claim that discovery would need to be reopened provides no basis to object to the instant motion. First, the City voluntarily conducted discovery on behalf of the "John Doe" officer through depositions, interrogatories, and requests for production – Vinacco's counsel should not need to duplicate the City's prior efforts. Even if his counsel feels differently, the City created the situation that it now complains of by conducting discovery on behalf of an unnamed non-party. It had no need to conduct any discovery as Rushton sought no relief against the City other than his bill of discovery, which the City did not object to. Second, Rushton completed his discovery before the deadline imposed by this Court.

* * * * *

For these reasons and those set forth in his prior memorandum of law, Rushton asks this Court to grant his motion to amend.

Ronald R. Rushton,
by his attorney,

/s/ Kelly M. Fracassa___

Kelly M. Fracassa #3699
NACCARATO & FRACASSA
P.O. Box 2976
96 Franklin Street
Westerly RI 02891
(401) 596-0321
(401) 348-1090 fax
tnf960@aol.com

**CERTIFICATE OF SERVICE**

I certify that on the 31st day of October, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon Kevin F. McHugh at Kevin_mc1950@hotmail.com.

/s/ Kelly M. Fracassa